AUTOMOBILE INS. CO. OF HARTFORD, CONN. v.
LLOYD
(No. 1547; Jan. 17, 1929; 273 Pac. 681.)

*S. M. True* and *L. H. Sennett,* for plaintiff in error.

*Chester Ingle* and *Dillon, Ellery and Spencer,* for defendant in error.

BLUME, Chief Justice.

This is an action brought by the plaintiff against the Automobile Insurance Company of Hartford, Conn., hereinafter called the company, to recover on an insurance policy of $2,000 issued by the defendant to the plaintiff on March 27, 1926, by which the house of plaintiff in Thermopolis, Wyoming, was insured against fire. The Equitable Loan Association, mortgagee of the premises in question, and who had an interest in the policy, was also made defendant, but its claim was satisfied, by the insurance company paying it the sum of $812.30, and that defendant will, accordingly, not be further considered herein. On August 13, 1927, the house in question was partially destroyed by fire. Proof of loss was submitted to the company on September 7, 1927. Some investigation was made on behalf of the insurance company during the month of October, 1927, and George W. Webster, representing the company as an independent adjuster, concluded that the loss was not nearly that stated in the proof of loss submitted, and called for the appointment of appraisers to appraise the loss in accordance with the provisions contained in the policy of insurance, and which is the usual

provision contained in the standard fire insurance policy. He appointed W. L. Johnson of Denver, Colorado, as the appraiser to represent the company. The plaintiff, on or about November 7, appointed William T. Slane of Thermopolis, Wyoming, as her appraiser, and about the same time gave notice in writing to the company that she would, on November 23, 1927, apply to the judge of the District Court for the appointment of an umpire in case the two appraisers should not be able to agree on one, in accordance with the provisions of the policy and also as stated in Section 18, Ch. 142, Subdivision 10, Session Laws of 1921. Mr. Johnson went to Thermopolis about November 21, or 22, 1927, and met with Mr. Slane and also the attorney for the plaintiff, and submitted for signature by the plaintiff a written agreement for submission of the amount of the loss to appraisers. The attorney for plaintiff objected to such agreement, claiming that it was contrary to the provisions of the policy. After some parleying, and without the appointment of an umpire, and without the submitted agreement above mentioned being signed, Mr. Johnson left for Denver, Colorado, on the afternoon of November 22, 1927. On the next day, pursuant to the written notice given to the company, the plaintiff applied to the judge of the District Court for the appointment of an umpire, and the judge appointed George Campbell, of Thermopolis, Wyoming, as such. About a day or two subsequently Mr. Slane and Mr. Campbell agreed on an appraisal, and appraised the sound value of the property destroyed at the sum of $6,500, which, considering the insurance on the property, required the company to pay the full amount of its policy, namely, the sum of $2,000. No notice of the meeting at which the appraisement was made was given to Mr. Johnson. Notice of what the appraisers had done was given to the adjuster by letter on November 25, 1927. Apparently before that letter was received, namely, on November 26, 1927, the adjuster wrote to the plaintiff that Mr. Johnson was still ready to go on with

the appraisement, stating certain facts by reason of which the parties had not been able to come to an agreement. These facts, however, are disputed by the plaintiff. When the letter of November, 1927, of the adjuster, written to the plaintiff, was received, does not appear. The letter of November 25, 1927, by which the company was advised of the appraisement that had been made was apparently answered by letter of December 13, 1927, objecting to the methods that had been taken in making the appraisal. This letter was not received until after the commencement of this action, which was commenced on December 13, 1927. The suit herein appears to be one on the policy and not on the appraisement, although the plaintiff in the prayer of the petition asks to recover the amount fixed by the appraisers. The defendant answered, setting up the agreement in reference to the appraisal contained in the policy of insurance, the various steps that were taken in connection therewith, that no notice was given of the meeting of the appraisers to W. L. Johnson, that other irregularities were committed in connection with the appraisement, and that the appraisement made was void. The defendant asked that plaintiff take nothing in the action on account of the stipulation in the policy of insurance that no suit for the recovery of any claim should be commenced until after compliance with the provisions as to appraisement contained in the policy. The case was tried to a jury upon the issues joined. At the close of the case the defendant made a motion for a directed verdict because of the invalidity of the appraisal made. This motion was overruled. The case was submitted to the jury, which returned a verdict in favor of the plaintiff in the sum of $495.93, being the value of the loss, aside from $812.30, which already had been paid by the company to the Equitable Savings and Loan Association as above stated. Judgment was rendenered upon the verdict, a motion for a new trial was filed, which was overruled, and the company has brought proceedings in error to this court.

The foregoing, while but an outline of the facts herein, is sufficient, together with some other facts which will be mentioned later, for the purposes of this opinion. A detailed statement of the facts is unnecessary, as will appear later herein.

The points presented in this court on behalf of the plaintiff in error are very limited, and it is of course elementary that points not urged in this court are deemed to be waived. Boswell v. Bliler, 9 Wyo. 277, 62 Pac. 350; Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448; Wood v. Stevenson, 30 Wyo. 171, 217 Pac. 953; McClintock v. Ayers, et al., 36 Wyo. 132, 255 Pac. 355. Counsel for the company, in his brief, states:

"The chief contention of the plaintiff in error during the trial of the case was that through the misconduct of the appraisers and the irregularity of the appointment of the umpire the policy conditions relating to appraisals have not been complied with, and therefore under the policy stipulations no suit on the policy could be sustained."

Counsel then takes up the specific points urged in this court, namely: 1. That the appointment of Mr. Campbell as umpire was irregular and void because it was dictated substantially by the plaintiff instead of by the judge of the District Court. 2. That the appraisement made by Mr. Slane and Mr. Campbell is void because W. L. Johnson, the appraiser appointed by the adjuster, was not notified of the meeting of the appraisers. 3. That the appraisement is void on account of some other irregularities committed by the appraisers, consisting mainly of the fact that the value of the property was "lumped off" and was not made in the detailed manner in which it should have been made. In other words, the sole objections made herein are against the validity of the appraisement that was made. If the verdict of the jury, of course, had been founded upon the appraisement which was made by Mr. Slane and Mr. Campbell, we should have to consider the points urged on this

appeal. But it was not, and the points urged herein seem to be but moot questions. It does not necessarily follow, as counsel by some statements in his brief seems to assume, that, simply because the appraisement was irregular and void, the plaintiff cannot recover herein at all, for provisions as to appraisement may not come into force and effect, or may fail, by reason of various facts and conditions, among which are, for instance, failure to demand an appraisement, or a waiver thereof, or a defect thereof due to the fault of the insurance company. We may, for the purpose of this case, admit the correctness of every contention made by counsel in connection with the invalidity of the appraisement, without in the least affecting the validity of the judgment herein. The case herein was tried and the jury returned its verdict upon the theory that the plaintiff was entitled to recover without reference to the appraisement, and evidently upon the theory that it was void. The court instructed the jury, among other things, as follows:

"If you find from the evidence that the appraisal demanded by the defendant insurance company in this case was defeated by or through the acts or fault of the plaintiff or her agent, then the plaintiff cannot recover in this action. If you find from the evidence that the appraisal demanded by the defendant insurance company was defeated by or through the acts or fault of the defendant or its agents, then the defendant cannot complain of any irregularity in the appraisal proceeding."

No exception was taken to this instruction. It was not assigned as error in the motion for a new trial and is not assigned as error here. The jury, under these instructions, must necessarily have found that the appraisal was defeated through the fault of the defendant, and no complaint is made that the jury were not warranted to so find under the evidence.

Further than that, most of the testimony in the case was directed to the determination of the amount of the

loss which the plaintiff sustained by reason of the fire. All this evidence was admitted without objection. In fact, defendant submitted considerable testimony in that connection.

The court further instructed the jury, among other things, as follows (Instruction No. 4) :

"The court instructs the jury that if you find from the evidence that the defendant insurance company issued to the plaintiff the policy mentioned in the petition in this case, and that while said policy of said insurance was in force, a portion or all the property mentioned in and insured by said policy was on or about the 13th day of August, 1927, destroyed by fire, then it would be your duty to find the value of the property destroyed, or the loss that plaintiff incurred by reason of said fire."

Instruction No. 5.

"You are instructed that in an action on a policy of insurance, the measure of the amount the insured is entitled to recover is the sound cash value of the building less the sound cash value of the portion of the building left standing, or in other words the sound cash value or loss sustained by the burning."

Instruction No. 6A.

"The court instructs the jury that you are to determine the value of the property destroyed by the fire from the evidence in the case, using your own judgment and general knowledge of such in connection therewith."

Instruction No. 9.

"You are instructed that in this action plaintiff sues to recover of defendant upon an insurance policy made between plaintiff and defendant whereby defendant insurance company insured the dwelling house of plaintiff * * * for the sum of Two Thousand Dollars payable to the insured in case of loss or damage by fire as therein provided. * * *."

No exceptions were taken to any of these instructions. The giving of them, or either of them, was not assigned as error in the motion for a new trial and is not assigned as error here. It is plain from what we have said that the case was submitted to the jury without regard to any appraisement, but in total disregard thereof, and upon the theory that plaintiff could recover the value of the loss if the appraisement made was void. And it would seem, in view of the lack of objections, that counsel for the defendant was willing, and perhaps even anxious, to have the case thus submitted, in order to get away from the amount fixed by the appraisers. Due perhaps to his attitude, or, perhaps, partially due to it, he saved the defendant $700 out of $2,000. He gained his contention as to the invalidity of the appraisement, for the jury did not and were not under the instructions permitted to, find the amount of the loss in accordance with the findings of the appraisers. The position now taken by counsel seems to imply a partial repudiation of the position thus shown, taken by him during the trial. But whether it does or not, the irregularity of the appraisement was disposed of by the jury, and in defendant's favor. Hence there is nothing for us to review, since defendant could not, in view of the attitude of its counsel during the trial and here and the lack of objection and exception already mentioned, expect any greater relief.

The judgment of the trial court must accordingly be affirmed and it is so ordered.

*Affirmed.*

KIMBALL and RINER, JJ., concur.