## HENDERSON v. LAND
(No. 1605; Jan. 14, 1931; 295 Pac. 271)

For the defendant and appellant there was a brief by *George F. Guy,* of Cheyenne, Wyoming.

For the plaintiff and respondent there was a brief by *Lee* and *Lee,* of Cheyenne, Wyoming.

RINER, Justice.

This case, here by direct appeal, arose in consequence of injuries inflicted by an automobile driven by Edwin J. Land, the defendant below and appellant here, against the plaintiff and respondent Elizabeth J. Henderson as she was crossing O'Neil Street on her way along the north side of 25th Street at the intersection of the two streets in the city of Cheyenne.

Plaintiff's amended petition charged that the accident happened because the defendant negligently drove his car on the wrong side of the street and at an excessive rate of speed. The defense interposed was a general denial, with the assertion of contributory negligence on the part of the plaintiff. A jury trial resulted in a verdict and judgment in her favor, in a sum not so very greatly in excess of the amount claimed by her for medical and hospital expenses incurred in consequence of the injuries suffered.

While a number of errors were assigned in the specification of errors filed, only one has been argued in appellant's brief and consequently it alone can be considered by us. Automobile Insurance Co. v. Lloyd, 40 Wyo. 44, 273 Pac. 681, and cases cited.

The particular alleged error insisted upon is the trial court's refusal to give a requested instruction with reference to a sudden emergency confronting the defendant as the driver of the automobile, whereby in an effort to avoid injuring plaintiff he directed his vehicle to the wrong side

of the street, and the court's failure thus to negative the inference of negligence arising from the fact that in departing from the proper side of the street he violated a traffic ordinance of the city of Cheyenne. It was agreed that the ordinance in question required that a person turning a corner at the intersection of streets with an automobile must make the turn in such a way that his car will be on the righthand side of the center of the street which he is entering.

Abstracting the record before us, defendant's version of the manner in which the accident took place is substantially this: I got in the car about seven o'clock March 5, 1927, and it was standing in front of my garage. I backed it out into the alley and proceeded down O'Neil Street. I was on the righthand side of the road. I first saw Mrs. Henderson when she was about the center of the road. "I was about, oh, twelve feet" from the cross walk when I first saw her. She was going west on the crosswalk on 25th Street. I brought the car to a complete stop when I saw her. She then stopped also. After she had stopped, I proceeded. She then took a step or two, as if to beat me across there, simultaneously with my "commencement forward." I swerved to the left to avoid striking her, inasmuch as she was going west. It was my plan to go behind her. She then got rattled and excited. I attempted to stop my car; my machine struck Mrs. Henderson. I moved in the same direction she did. She moved from the time she stopped until I hit her just the distance from the center of the street back to where she was hit.

As to the place where Mrs. Henderson was in the street at the time she was struck by defendant's car, the defendant testified:

"Q. You heard her testimony last night as to her position in the street when she was hit; was that approximately correct?

"A. It was, with the exception that she was a little farther out in the angle formed by the two intersections."

Mrs. Henderson had previously testified that she was going east and was just stepping up on the curb on the northeast corner of O'Neil and 25th Streets at the crossing when she was struck by defendant's car.

The plaintiff's statement regarding the manner in which the accident occurred conflicts in several important respects with that given by the defendant, but taking the latter's own testimony as true, we are obliged to reach the conclusion that he was not, under that testimony, entitled to have the requested instruction given, though doubtless it would have been appropriate were the evidence of such a character as to justify it. Stratton v. Spencer, 52 Cal. App. 98, 197 Pac. 540. The principle underlying the instruction aforesaid is, of course, that traffic requirements, whether based upon the law of the road, an ordinance or a statute, are made for the protection of the public, and an emergency may arise where to escape injury to one's self or to avoid injuring others, they may and should be disregarded as where a motorist would either be struck by an oncoming car or would run down a pedestrian if the traffic regulation was rigidly obeyed. 1 Blashfield Cyclopedia of Automobile Law 279, § 25. It has already been pointed out by this court, too, that the violation of a legal duty imposed upon an automobile driver does not of itself create liability for an injury caused by his car, but it must appear also that such violation was the proximate cause of the injury. Christensen v. McCann, 41 Wyo. 101, 282 Pac. 1061.

Concerning the rule governing emergencies arising in such cases, it may be remarked as was said by the Supreme Court of Washington in Allen v. Schultz, 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676:

"Before it will be given application, it must be clear that an emergency existed, that it was brought about by no negligent act of the person in the perilous situation, and that the resultant injury to the second person could not be prevented after the peril had passed."

To the same effect see Carpenter v. Campbell Automobile Co., 159 Iowa 52, 140 N. W. 225; 42 C. J. 892, § 592.

In the case at bar the defendant's own statement regarding the accident shows, that he came to a complete stop somewhat to the west of the center of O'Neil Street, five feet distant from Mrs. Henderson, who also had stopped about the center of that street on the crossing. He then started his car and she took a step or two towards the west side of the street, then turned and ran eastward toward the curbing on that side and was struck by the defendant's car very close to the northeast corner of the intersection of O'Neil and 25th Street, but "a little farther out in the angle formed by the two intersections" than Mrs. Henderson placed her location then. From this description of the occurrence, it is quite clear, we think, that the injury to the plaintiff did not happen during the course of the uncertainty arising out of the emergency caused by both parties starting in the same direction, but occurred after that emergency had passed and at a time when the defendant was on the wrong side of the street, following after Mrs. Henderson as she endeavored to reach a place of safety. If the defendant had had his car under such control as he should have had on a public street—starting from a dead stop as he did with the plaintiff in full view all the while and only five feet distant—he could easily, in the distance he had to travel before he struck her, have either stopped or turned back to the right side of the street. In either event the accident, as detailed, would not have happened.

In Allen v. Schultz, supra, the court, in discussing the question whether the rule governing emergencies might in that case be invoked, said:

"Here it is clear by the testimony of the driver of the automobile that he does not come within the rule. * * * Again, after he had turned and avoided the peril, he had abundant time, at the speed he was traveling, to have stopped the automobile before striking the respondent, had the brakes on the automobile been in proper condition."

Our conclusion being that the court was correct in declining to give the requested instruction, the judgment of the District Court should be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.