(No. 5855. December 22, 1932.)

FLORENCE McCOY, BARTON O. McCOY and MELVIN S. McCOY, Respondents, v. C. H. KRENGEL, Appellant.

[17 Pac. (2d) 547.]

Walters, Parry & Thoman and J. R. Keenan, for Appellant.

James R. Bothwell, for Respondents.

GIVENS, J.—About 8 o'clock P. M., October 6, 1930, appellant driving his automobile in an easterly direction on the state highway about six miles east of King Hill with Joseph H. McCoy, now deceased, the husband and father respectively of respondents, his guest, approached a slight curve in the highway, and suddenly saw a Chev-

rolet truck headed westward, bearing down upon him, and collided with the truck, driven by one Lawrence, Mr. McCoy being killed as a result of such collision. It is undisputed that appellant's car at the time of the collision was on the north or wrong side of the road, which appellant endeavored to explain by stating that he was blinded by the lights of the truck. Lawrence's truck was traveling about 20 to 25, and appellant's car at approximately 30 to 35 miles per hour. The evening was rainy and foggy, with obscured vision.

From a verdict and judgment for plaintiffs for the alleged wrongful death of Mr. McCoy, defendant appeals.

Appellant first contends that the verdict and judgment are unsupported by the evidence in that (a) respondents failed to prove the negligence alleged, or any negligence; (b) that respondents' evidence shows appellant had a legal excuse for his part in the accident; (c) that negligence cannot be inferred from the fact of the collision alone; and (d) that the evidence shows deceased was guilty of contributory negligence.

Whether respondents made sufficient proof of negligence, whether defendant was blinded by the lights of the truck, and whether respondents' decedent was guilty of contributory negligence were questions for the jury which they determined adversely to appellant and the evidence is sufficient to sustain such findings.

Appellant complains that instructions 5,[1] 9[2] and

---

[1] "Plaintiff's case is based upon negligence, and negligence is the failure to use ordinary care. Ordinary care on the part of the driver of a motor vehicle requires that his rate of speed shall not be greater than that at which he can retain control of the vehicle and keep it on the right side of the road. Ordinary care also requires that the driver shall keep a look-out for approaching cars and watch the road ahead with due regard to the kind and character of the road, the amount of travel to be expected thereon and the condition of the road at the time in question."

[2] "The laws of the road of Idaho govern the use by vehicles of highways, as defined in such laws. You are instructed that a viola-

13[3] improperly instructed the jury that to drive on the left-hand side of the road was *per se* and not *prima facie* negligence.

From a reading of the instructions, it is apparent that No. 5 applied generally to negligence and the care required in the driving of automobiles.

Appellant does not complain of instructions 7[4] and 8,[5] and these two instructions stated the law with regard to being on the right or left hand side of the road.

Instructions 9, 10, 11 and 12 apply to speed only, and

tion by a user of. such a highway of the laws of the road which causes or contributes to an injury to another user constitutes negligence, for which the first party is liable to the party injured in damages.

"This is subject to the qualification that where the statute states that a violation of a particular law of the road is only *prima facie* unlawful, a violation of such law would be only *prima facie* negligence."

3 "You are instructed that it is the duty of the driver of an automobile to at all times exercise ordinary care in the operation of said vehicle. This means, ordinary care to have his car under control and on the proper side of the road when meeting other cars so as to prevent a collision, and this is true even though the driver's vision is temporarily obscured by a glare of lights from another car; that is, obscured vision will not excuse the driver from exercising ordinary care."

4 "The Court instructs the Jury that Section 11, Chapter 260, Idaho Session Laws, 1927, provides as follows:

" 'Drivers of vehicles . proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.' "

5 "Should the jury believe from the evidence that at the time of the accident the defendant was driving his car on the left hand side of the traveled portion of the road, and that in driving said car on the left hand side of the traveled portion of said road the defendant failed to exercise ordinary care, then the defendant would be guilty of negligence; and should you believe from a preponderance of the evidence that defendant's negligence in that regard was the proximate cause of the injury, and that the deceased, Joseph H. McCoy, was free from contributory negligence, then your verdict should be for the plaintiffs in this case."

instructed the jury that a speed in excess of the statute was merely *prima facie* evidence of negligence. No. 13 required ordinary care as to the operation and control and position on the road of the automobile, thus harmonizing with *Hamilton v. Carpenter,* 49 Ida. 629, 290 Pac. 724.

The distinction contended for by appellant and which, for the purpose of testing these instructions complained of, we consider, is that negligence *per se* is not excusable, while *prima facie* negligence may be. (*Chiswell v. Nichols,* 137 Md. 291, 112 Atl. 363; *Kelly v. Huber Baking Co.,* 145 Md. 321, 125 Atl. 782; *Peterson v. Pallis,* 103 Wash. 180, 173 Pac. 1021; 2 Blashfield, Cyc. of Auto. Law, pp. 1172, 1173; Id., pp. 1853, 1854.)

If instruction No. 7 stood alone, and the jury could have considered No. 9 applicable to it, there might be merit to appellant's contention, but No. 8 in effect follows *Hamilton v. Carpenter, supra,* advising the jury that driving on the left-hand side of the road in and of itself, does not constitute negligence *per se,* but only where so driving the driver "failed to exercise ordinary care" would it be negligence.

Whether or not he was guilty of negligence in taking the course he pursued is dependent upon whether he acted in a reasonably prudent manner. In the case at bar, instead of saying "reasonably prudent manner," the court instructed that if he "failed to exercise ordinary care" he would be guilty of negligence.

In addition to defining ordinary care in No. 5, the court further amplified the same in No. 12, to which no exception has been taken, and while the court did not say that driving the car on the left side of the road was only *prima facie* negligence, he admonished the jury that only in the event appellant was on the wrong side of the road by reason of failure to "exercise ordinary care" would he be liable. (*Mooney v. Canier,* 198 Iowa, 251, 197 N. W. 625.)

While the instruction might have been more clearly and explicitly worded, in the absence of a proper request, and none was made, no prejudicial error appears. (*Joyce Bros.*

*v. Stanfield*, 33 Ida. 68, 189 Pac. 1104; *Lessman v. Anschustigui*, 37 Ida. 127, 215 Pac. 460; *Boomer v. Isley*, 49 Ida. 666, 290 Pac. 405.)

The correct portions of appellant's requested instruction No. 10[6] urged in assignment No. 4 were suf-

---

[6] "You are instructed that there is no inflexible rule of law governing the actions of the driver of an automobile who is temporarily blinded by the headlights of an approaching vehicle. Whether the actions of the driver, upon being so temporarily blinded, are negligent or not depends upon all the circumstances of the case, among which may be the condition and character of the highway, the amount of traffic, and how soon the temporary blindness may be expected to pass away. If you find from the evidence that the defendant was temporarily blinded by the headlights of an approaching truck, before he can be charged with negligence in respect to his actions thereafter, you must find from a preponderance of the evidence that he did not thereafter act as an ordinarily careful and prudent driver would have acted, in the same circumstances, in the same character and condition of highway, and the same amount of traffic, and with the same expectation as to how long the blinded condition would last.

"You are further instructed that if a collision happens so soon after a driver is temporarily blinded by the lights of an approaching vehicle that such driver has not the time to take the precautions that the ordinarily careful and prudent person would take had he the opportunity, then such a driver cannot be charged with negligence or with liability for the collision, provided that the character of his driving just before the blinding was not so negligent as to itself create the condition causing the lack of time.

"Therefore, in this case, if you believe from the evidence that prior to the collision, the defendant was temporarily blinded by the headlights of an approaching truck, and that the collision occurred so soon thereafter that he did not have the time to take the precautions that an ordinarily careful and prudent driver would have used had he the chance, your verdict must be for the defendant unless the plaintiffs prove to you by a preponderance of the evidence that immediately prior to the blinding the defendant was not using the care and skill of the ordinarily prudent driver, and that his failure to use such care and skill itself created or caused the condition under which defendant did not have time, after the blinding, to take the required precautions."

ficiently covered by instructions Nos. 12[7] 13 and 16[8] given.

■ Assignment No. 5: Requested instruction No. 17[9] was not in line with the instruction given in *Dillon v. Brooks*, 51 Ida. 510, 6 Pac. (2d) 851, and was therefore properly refused. Herein it was a question for the jury

---

[7] "Negligence, as used in the law, is the want of due care, that is, such care as an ordinary prudent person would exercise under like circumstances. It is the doing of something which a person of ordinary prudence and care would not have done under like or similar circumstances; or, it may be the failure to do something that a person of ordinary prudence or care would not have omitted to do under similar circumstances.

"Negligence may also consist in the violation of a statute, such as the law of the road, governing one's conduct at certain times or places, unless such statute makes the violation merely *prima facie* negligence, in which latter case the violation of the statute has only the consequence attached to it by the statute."

[8] "You are instructed that a man is negligent under the law when, in any given circumstance, he fails to use that degree of care and prudence for the lives and property of others as an ordinary, careful and prudent man would use in the same circumstances.

"And you are further instructed that in determining whether a man is negligent in any given set of circumstances, there should be taken into consideration all of the surrounding facts, the time within which the person in question could act, the fact whether he had reason to believe that he was in imminent peril himself, and any and all circumstances which would or could affect the mind, reason or judgment of any ordinary reasonable man; that is to say, the test is not what a person would do under ideal circumstances when he had plenty of time to plan and think, but the test is what an ordinary, reasonable, and prudent man would or could do under those specific circumstances and under the specific time given to act."

[9] "You are instructed that one riding in an automobile as a guest or a passenger cannot recover damages against the driver of the car for any accident alleged to have resulted from the driver driving at an excessive rate of speed or driving recklessly, if the passenger has failed to protest against such fast driving or reckless driving; that is to say, that under the law, it is the duty of a passenger to protest at any time he believes that the driver is driving at an excessive rate of speed, or recklessly, and if he fails so to do, then he, the pas-

whether the driver was negligent, and whether the guest knew of the danger and "had reasonable time to effectively protest, or was prevented from protesting by some negligent act of the driver." (*Dillon v. Brooks, supra.*)

Instruction No. 26[10] given by the court with regard to contributory negligence of a guest was correct as far as it went, and in the absence of a correct requested instruction, appellant will not be heard to complain. (*Boomer v. Isley, supra.*) Instruction No. 26 is further considered *infra.*

The giving of instruction No. 26 and refusal of requested instruction No. 9[11] are urged as error. The first

senger, is himself guilty of negligence and cannot recover damages against the driver.

"And you are further instructed that in this case, the plaintiff cannot recover damages unless the deceased, Joseph McCoy, could have done so if still living."

[10] "The Court instructs the jury that the defendant alleges in his answer that the deceased, Joseph H. McCoy, was guilty of contributory negligence, that is, that he failed to exercise a reasonable care for his own safety and that that failure contributed to his own injury and death, and in this connection you are instructed that an occupant of an automobile is under no duty to anticipate that the driver will be negligent and the occupant has a right to rely upon the driver exercising reasonable care so long as the occupant is exercising ordinary care on his own behalf under all of the facts and circumstances in the case."

[11] "The guest who accepts an invitation to ride in an automobile takes the risk attendant upon the driver's skill and customary habits of driving known to him. And the driver of an automobile who, in an emergency created by the headlights of an approaching vehicle suddenly blinding him, acts according to his best skill and judgment, is not liable for the death of his guest occasioned in a resulting accident.

"So in this case if Joseph McCoy was sufficiently informed by previous riding with the defendant of the latter's skill and habits of driving, he took upon himself the risk of such skill and habits of the defendant. If the defendant was suddenly blinded by the headlights of an approaching vehicle and thereupon acted according to his best skill and judgment, he would not be liable to Joseph McCoy himself had that party survived the accident, and therefore would not

portion of the instruction requested states that one who accepts a ride takes ''the risk attendant upon the driver's skill and customary habits of driving known to him.'' An examination of the record discloses no evidence that McCoy knew anything about Krengel's driving prior to the trip during which the accident occurred, and that part of the requested instruction having no basis in the evidence was properly refused. (*Powers v. Security Sav. & Trust Co.*, 38 Ida. 289, 222 Pac. 779.) The latter portion of the second paragraph of the instruction in effect advised that if the driver was blinded, and thereafter acted according to his best skill and judgment, he would not be liable. This is not the law, which is that in order to apply such rule, it must be clear that an emergency existed, and that it was brought about by no negligent act on the part of the driver. (*Allen v. Schultz*, 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676; *Gootar v. Levin*, 109 Cal. App. 703, 293 Pac. 706; *Henderson v. Land*, 42 Wyo. 369, 295 Pac. 271.) There was no error in refusing requested instruction No. 9, and the court was justified in giving instruction No. 26. (42 C. J., p. 1055, sec. 804; 45 C. J., pp. 954–956, sec. 512; 45 C. J., p. 705, sec. 86.)

Assignment No. 7: Sess. Laws 1931, chap. 135, sec. 1, p. 232, provides that liability of an operator to a guest arises only from *gross*, and not from ordinary, negligence. The only question is whether such statute is retroactive so as to apply to the instant case. Ordinarily statutes are not retroactive unless expressly so stating. (*Lawrence v. Defenbach*, 23 Ida. 78, 128 Pac. 81; *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965; *Bellevue State Bank v. Lilya*, 35 Ida. 270, 205 Pac. 893; *Nampa & Meridian Irr. Dist. v. Barker*, 38 Ida. 529, 233 Pac. 529; *Cook v. Massey*, 38 Ida. 264, 220 Pac. 1088, 35 A. L. R. 200. See, also,

---

be liable to his heirs for his death, it being the rule that if the driver is not liable to the passenger for injuries, he is not liable to the passenger's heirs if the injuries result in death. Therefore, if you find the facts to be as I have assumed, your verdict should be for the defendant.''

*Petroff v. Nunes,* (Cal. App.) 11 Pac. (2d) 648.) More-over, the 1931 act, *supra,* could not apply because we do not have a question of remedy (*Brainard v. Coeur d'Alene Antimony Min. Co.,* 35 Ida. 742, 208 Pac. 855; *People v. Moore,* 1 Ida. 662), but a question of substantive law. Therefore it was proper to refuse requested instructions Nos. 4 and 7.

Instruction No. 25[12] is urged as erroneous on the theory that it told the jury it was a joint enterprise, and omitted all reference to contributory negligence. The instruction did not tell the jury it was a joint enterprise; it merely defined it and advised them that in case they found it to be such, from the evidence, defendant owed deceased the duty of ordinary care in the operation of the car, which was proper. (42 C. J., p. 1057, sec. 804, note 55.) The issue of contributory negligence was sufficiently covered by instructions Nos. 2, 8 and 26.

Assignment No. 9: We believe that the evidence is sufficient to sustain the award of $9,000 damages, and that such an amount is not grossly excessive. (*Hayhurst v. Boyd,* 43 Ida. 661, 254 Pac. 528; *Faris v. Burroughs Adding Mach. Co.,* 48 Ida. 310, 282 Pac. 72; *Osier v. Consumers' Co.,* 42 Ida. 789, 248 Pac. 438.)

This court said in *Butler v. Townend,* 50 Ida. 542, 298 Pac. 375:

"In cases of this character it is not possible to prove the damage with any approximation of certainty. The

---

12 "The Court instructs the jury that a joint enterprise is an under-taking for the mutual benefit or pleasure of the parties. Should the jury believe from the evidence in this case that the deceased, Joseph H. McCoy, and defendant, Krengle, were engaged in a joint enter-prise, that is, an undertaking for their mutual benefit at the time they were traveling together on the road when the collision occurred, then the defendant owed the duty to the deceasd, Joseph H. McCoy, to exercise ordinary care in the operation of the automobile and if the defendant failed to exercise ordinary care in the operation of the automobile at the time and place in question and that his failure in that respect was the proximate cause of the death of Joseph H. McCoy, then your verdict should be for the plaintiffs in this case."

jury must estimate them as best they can by reasonable probabilities, based upon their sound judgment as to what would be just and proper under all of the circumstances.''

Appellant urges in assignment No. 10 that the court erred in admitting testimony as to the amount of business done by deceased with the Horton Mercantile Co. In view of the restrictions contained in instruction No. 20 this was not prejudicial. The testimony urged as prejudicial in regard to deceased's income was stricken from the record and appellant cannot complain.

Instruction No. 22[13] complained of, when considered with instructions Nos. 20 and 21, is not prejudicial. The latter part of the instruction telling the jury that they might consider both the loss of a legal obligation and of a moral one was proper. (2 Sedgwick on Damages, sec. 574, p. 1108; *Sned v. Marysville Gas & Elec. Co.*, 149 Cal. 704, 87 Pac. 376; *Christensen v. Floriston Pulp & Paper Co.*, 29 Nev. 552, 92 Pac. 210; *Simoneau v. Pacific E. Ry. Co.*, 159 Cal. 494, 115 Pac. 320; *Griffey v. Pacific E. Ry. Co.*, 58 Cal. App. 509, 209 Pac. 45, 48.)

The matters referred to in requested instruction No. 15 were sufficiently covered by instructions Nos. 20 and 22.

The errors urged in assignment No. 13 are disposed of by the consideration of the other assignments

---

[13] "The Court instructs the jury that should you return a verdict for the plaintiffs in this case, the measure of damages will be the pecuniary loss suffered by the heirs of Joseph H. McCoy, deceased, and the heirs of Joseph H. McCoy in this case are the plaintiffs, and this pecuniary loss may be either a loss arising from the deprivation of something to which said heirs would have been legally entitled, if the said Joseph H. McCoy had lived, or a loss from a deprivation of benefits, which from all the circumstances of this particular case could be reasonably expected said heirs would have received from the said deceased, Joseph H. McCoy, had his life not been taken; although the obligation resting on him to bestow such benefits on them may have been a moral obligation only; or the jury may consider both of said forms of loss, that is, a loss on account of a legal obligation, and a loss on account of a moral obligation, providing you find from the facts and circumstances that such damages are just."

except the contention that the trial court erred in refusing defendant's motion for a new trial. No abuse of discretion appearing, his action in this regard will not be reversed.

The judgment is ordered affirmed. Costs to respondent.

Lee, C. J., and Budge and Varian, JJ., concur.