MARIE BORA AND FRANK W. BORA, HER HUSBAND, RESPONDENTS, v. YELLOW CAB COMPANY, A CORPORATION, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. Our Traffic act (*Pamph. L.* 1915, *p.* 305, § 25; *Pamph. L.* 1916, *p.* 49, § 12) provides, in effect, that, under certain conditions therein stated. and in the absence of any municipal regulation, pedestrians shall have the right of way over vehicles at street crossings. Thereunder, when a pedestrian and an automobile moving in different directions approach such a crossing at the same time. or in such a manner that if both continue their respective courses there is danger of a collision, then the pedestrian is entitled to first use of the crossing. and it is the duty of the driver of the automobile to stop or so manage and control his car as to give such pedestrian a reasonable opportunity to pass in safety. Disregard upon the part of the driver of the pedestrian's right of way, and the fact that in so doing such driver obstructed his own view by passing an overtaken vehicle on the right instead of the left side as directed by the Traffic act (*Pamph. L.* 1915, *p.* 285), while not conclusive as to the driver's negligence, are factors in the situation, which, considered as a whole, present a jury question as to the negligence of the driver in case of injury to the pedestrian by an automobile so driven.

2. A pedestrian, who happens to have at a street crossing, under the Traffic act in the circumstances, the right of way over an automobile approaching such crossing at the same time, is not relieved of the legal duty to use reasonable care to avoid colliding with such automobile should its driver disregard such right of way or the statutory direction as to the manner of passing an overtaken vehicle. But where the evidence tends to show

that a pedestrian reached and started across a street crossing under circumstances giving her the right of way over the defendant's automobile, her view of which was obstructed by reason of the fact that it was passing an overtaken vehicle on the right, instead of the left side, as directed by the Traffic act, such pedestrian cannot be said to be guilty of contributory negligence as a matter of law when struck by such automobile as she had almost completed the crossing, the question whether she exercised the reasonable care required of her under all the circumstances, including the defendant's disregard of her right of way and the direction of the Traffic act, being for the jury.

On appeal from the Essex County Circuit Court.

For the appellant, *John A. Bernhard* and *Edward R. Mc-Glynn*.

For the respondents, *Howe & Davis* (*Edward L. Davis*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought by husband and wife to recover compensation for injuries to the wife, and for resulting loss to the husband on account of such injuries to his wife, Marie Bora, who was injured on the evening of March 14th, 1924, at the corner of Park avenue and Grove street, East Orange, when she was struck by a taxicab owned by the defendant as she was attempting to cross Park avenue at the crosswalk.

The jury rendered a verdict in favor of both plaintiffs, and the defendant appeals from the consequent judgment.

The defendant's argument on this appeal is that the judge erred in refusing to nonsuit the plaintiffs and in refusing to direct a verdict for the defendant.

This argument is based, first, upon the contention that there was no evidence of negligence upon the part of the driver of the defendant's automobile. We think that there was, and that the question of the defendant's negligence was properly submitted to the jury, particularly in view of the fact that the evidence tended to show that the plaintiff, Mrs.

Bora, had the right of way over the automobile at that street crossing, and that the latter at the time was violating the provisions of the Traffic act by passing an overtaken vehicle on the wrong side. Our Traffic act (*Pamph. L.* 1915, *p.* 305, § 25; *Pamph. L.* 1916, *p.* 49, § 12) provides, in effect, that in places where (as in the instant case) the houses are on the average less than one hundred feet apart, pedestrians shall have the right of way over vehicles at any street crossing, in the absence of any municipal regulation relating to such crossing (and in the instant case no such regulation was shown to exist). Thereunder, when a pedestrian and an automobile moving in different directions approach such a crossing at the same time or in such a manner that if both continue their respective courses there is danger of collision, then the pedestrian, having been accorded the preference by the statute, is entitled to first use the crossing, and it is the duty of the driver of the automobile to stop or so manage and control his car as to give such pedestrian a reasonable opportunity to pass in safety. That duty, the evidence tended to show, the driver of the defendant's automobile failed to perform. There was evidence to the effect that the plaintiff had already entered upon the crossing and almost reached the far curb, when the defendant's automobile approached and passed to the right of another car, which it had overtaken, in disregard of the provision of our Traffic act (*Pamph. L.* 1915, *p.* 285) that "a vehicle overtaking another shall pass on the left side of the overtaken vehicle," and thereby obstructed his own view of the plaintiff until too late to avoid hitting her. This evidence justifies the inference that the proximate cause of the accident was the failure of the driver to observe his duty in respect to the management and control of the car and the rights of the plaintiff at the crossing. Such disregard of the plaintiff's right of way, and failure to obey the directions of the Traffic act in regard to the manner of passing a vehicle overtaken, while not conclusive as to the driver's negligence, are factors in the situation, which, considered as a whole, presented a jury question as to the negligence of the driver. *Venghis* v. *Nathanson,*

101 *N. J. L.* 110; *Winch* v. *Johnson,* 92 *Id.* 219; *Chiapparine* v. *Public Service Railway Co.,* 91 *Id.* 581.

The defendant further urges in support of its contention that the motions for nonsuit and directed verdict should have been granted, that contributory negligence of the plaintiff was conclusively shown. But that is not so. Of course, a pedestrian at a street crossing who happens to have, under the Traffic act in the circumstances, the right of way over an automobile approaching such crossing at the same time, is not relieved of the legal duty to use reasonable care to avoid colliding with such automobile should its driver disregard such right of way or the statutory direction as to the manner of passing an overtaken vehicle. *Venghis* v. *Nathanson, supra; Erwin* v. *Traud,* 90 *N. J. L.* 289; *Rabinowitz* v. *Hawthorne,* 89 *Id.* 308. But where the evidence tends to show (as here) that a pedestrian reached and started across a street crossing at a time and under circumstances giving her the right of way over the defendant's automobile, her view of which was obstructed by reason of the fact that it was passing an overtaken vehicle on the right, instead of the left side, as directed by the Traffic act, such pedestrian cannot be said to be guilty of contributory negligence as a matter of law, when injured by such automobile, as she had almost completed the crossing, the question whether she exercised the reasonable care required of her in the circumstances, including the driver's disregard of her right of way and the direction of the Traffic act, being for the jury.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.