CHARLOTTE HOROWITZ, INFANT BY MORRIS HOROWITZ, HER NEXT FRIEND, AND MORRIS HOROWITZ, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. GEORGE SCHANERMAN, DEFENDANT-APPELLANT.

Argued May 28, 1936—Decided October 2, 1936.

For the plaintiffs-respondents, *Fast & Fast* (*Herman L. Fast,* of counsel).

For the defendant-appellant, *Wall, Haight, Carey & Hartpence* (*John A. Hartpence* and *James R. Laird, Jr.,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. This is an appeal from a judgment entered upon the verdict of a jury in an action tried at the Essex County Circuit Court. The grounds of appeal relied upon are that the trial court erroneously denied motions of nonsuit and for direction of verdict made on behalf of defendant.

The action was brought to recover for personal injuries alleged to have been sustained by the infant plaintiff and for damages sustained by her father incidental to the curing of said injuries.

It appears that on the date of the accident the infant plaintiff was waiting to board a trolley car at a street intersection in the city of Newark and that she, with several other persons, waited for the approach of the trolley in a store located at the corner of the intersection. Just prior to the arrival of the trolley, plaintiff, with several other persons, walked out of the store and crossed the width of the sidewalk with the

evident purpose of boarding the trolley. Having reached the curb, and the trolley being at a standstill, plaintiff testified that she took one step off the curb and was struck by an automobile truck. Another witness testified that he thought plaintiff had taken one or two steps. Plaintiff testified as follows:

"I walked out of the candy store because I had heard the trolley coming along and I walked off the stairs and I was ready to step off the curb, the trolley had stopped, was at a standstill, and I noticed headlights, and I had taken one step off the curb and that's all I remember. *Q.* Had you noticed the truck before that? *A.* All I noticed was the bright headlights. *Q.* Did you look around before you stepped off the curb? *A.* Yes, sir. *Q.* You do not know who struck you, or what. *A.* No."

There was testimony that the distance from the curb to the westerly rail of the south-bound trolley was about ten feet.

After the collision the automobile truck continued along the street and although chase was made, it was lost from view. Shortly thereafter the truck was seen to turn into another street and a witness, Frankel, an attorney, who had obtained a part of the motor vehicle registration plate number as the car passed the scene of the accident, took the entire registration number and identified the truck as being the one which had struck plaintiff. This witness also noted the name appearing on the side of the truck at this time.

Appellant urges that plaintiff was guilty of contributory negligence in stepping off the curb and into the pathway of the automobile truck and cites *Branigan* v. *Demarest,* 109 *N. J. L.* 123; *Trimboli* v. *Public Service Co-ordinated Transport,* 111 *Id.* 481, and cases of similar import as authority for this proposition. We think that the denial of the motion of nonsuit was correct.

It is the legal duty of a pedestrian crossing a street to use reasonable care to avoid colliding with an automobile in the street, notwithstanding that such automobile is being operated in disregard of the Traffic act. *Bora* v. *Yellow Cab Co.,* 103 *N. J. L.* 376. Negligence and contributory negligence are pre-eminently questions of fact for the jury and unless it is

established by the evidence, beyond fair debate, that the plaintiff, injured by a collision in the street, was guilty of negligence which directly contributed to the injury complained of, defendant's motion to nonsuit or direct a verdict on the ground of contributory negligence will be denied. *Branigan* v. *Demarest, supra.*

In the Branigan case, *supra,* the plaintiff passed directly in front of a standing bus and was struck by an automobile coming up behind the bus and passing on its left, thus cutting off her vision from approaching traffic to the left of the bus and this was held to be such negligence on the part of the plaintiff as to bar her action. In the Trimboli case, *supra,* the passenger had alighted from the trolley car and made no observation whatsoever as to the condition of other traffic on the street and this was likewise held to be such contributory negligence as to bar the right of action.

In the instant case it is apparent that the infant plaintiff did make observations as to approaching traffic. Not only did she see the approaching headlights, but the street corner appears to have been well lighted. Other witnesses saw the truck as it passed and the witness, Frankel, was able to take a part of the registration plate number of the vehicle. In this situation it is a fair inference that plaintiff could have, in comparative safety, taken one or two steps from the curb and still have reserved sufficient room for the truck to have passed between her and the standing trolley car. The case is obviously distinguishable from the situation where a person makes no observation at all, or with his vision obstructed, passes directly into the pathway of an oncoming vehicle. Whether or not plaintiff, in stepping from the curb, in the knowledge that an automobile of some type was approaching, and that there was ample distance between her person and the waiting trolley for the vehicle to pass without striking her, did so in the exercise of reasonable care for her own safety, was a jury question which the trial court correctly submitted to that body.

The motion for direction of verdict made on behalf of defendant below was based upon the contention of defendant that plaintiffs had failed to establish negligence as set forth

in the complaint and that plaintiff was guilty of contributory negligence. The question of contributory negligence has already been treated and disposed of. Plaintiff sufficiently raised a jury question as to the negligence of defendant and the action of the trial court in denying this motion was proper. Appellant urges also that the evidence adduced by plaintiff as to defendant's ownership and operation of the automobile truck which struck plaintiff raised a presumption merely and that this presumption was overcome by the positive testimony of defendant to the contrary.

Fierstein, a witness for plaintiff, testified that he had attended a building and loan association meeting to collect some moneys due him for work done and that while at the meeting, defendant came in and asked him to call his (Schanerman's) father, that he called the elder Schanerman, and that "when I called his father out he said, 'Pop, I am in trouble. Can you go with me right away?' He said, 'what's the matter?' And he was talking of some accident. What it was I don't know." This was testified to as having taken place "near ten o'clock" in the evening. Fierstein was not cross-examined by defendant's counsel. Defendant Schanerman, on direct examination, denied this conversation and testified that between nine-thirty and ten o'clock on that evening he was in his home. He further testified that sometime after nine o'clock in the evening he turned the truck over to "the lad from the garage," whose name he did not know. At the time of the trial Schanerman did not know if this person was still at the garage. Upon being confronted with testimony taken of the witness before a Supreme Court commissioner sometime before the trial of the action in which he had testified that he put the truck in the garage somewhere around ten-thirty o'clock, he testified that he did not remember giving such testimony before the commissioner, but that he would not say that he did not so testify and upon being pressed as to whether ten-thirty or nine o'clock was the time when the truck was delivered over to the garageman, he stated, "I couldn't say the definite time of day." The witness protested that he could not remember the questions pro-

pounded to him before the Supreme Court commissioner, but testified that he answered truthfully at that time.

Other inconsistencies in defendant's case with respect to the operation of the truck at the time and place of the accident deprive the testimony in his behalf of that positivity necessary to overcome the presumption arising from the testimony of plaintiffs' witnesses establishing the *prima facie* case of ownership and operation of the truck so as to call upon the plaintiff to go forward with further proofs in this respect and justified the submission of this question to the jury.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, LLOYD, BODINE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—CASE, HEHER, JJ. 2.