VIRGINIA DOBRZYNSKI, AN INFANT, BY BARBARA DO-
BRZYNSKI, HER NEXT FRIEND, AND BARBARA
DOBRZYNSKI, INDIVIDUALLY, PLAINTIFFS-APPEL-
LANTS, v. MAX LIVERIGHT AND ALVIN A. BELL, DE-
FENDANTS-RESPONDENTS.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiffs-appellants, *Benjamin Gittleman* and
*Benjamin M. Ratner.*

For the defendants-respondents, *Cox & Walburg.*

The opinion of the court was delivered by

DONGES, J. This is an appeal of the plaintiffs from a
judgment of nonsuit in two cases consolidated for the pur-
pose of trial and also for appeal, the one being against Alvin
A. Bell alone and the other against Max Liveright and
Alvin A. Bell.

At the trial it appeared that the infant plaintiff's case, as
exhibited by her own testimony, was that on February 17th,
1934, she had attended a motion picture show on Belmont
avenue, Newark, at a theatre on the westerly side of that
street, between Eighteenth avenue and Rose street; that she
was an infant fourteen years of age; that, at four o'clock
in the afternoon of that day, she came out of the theatre and

desired to cross to her home which was slightly to the right on the easterly side of Belmont avenue; she testified: "I went to the end of the sidewalk and looked up and down. There was a stop light on Eighteenth avenue. I looked up and down the street; there was no car in sight. I started to cross the street and come to the first car tracks; I looked again and there was no car in sight until I come to the last car track; then I seen the car coming eight houses away." Her testimony further disclosed that when she was at the last or easterly rail she concluded that she could cross in safety, so she accelerated her pace and proceeded, at the same time veering slightly to her right in order to pass between cars parked at the curb on the east side of the street; that she took several steps and was struck at or near the middle of the roadway between the easterly rail and the easterly curb by the right front of the automobile owned by defendant Liveright and operated by defendant Bell. There was testimony that there was no signal by horn, that the automobile was being operated at excessive speed; that Bell said he saw plaintiff in the middle of the street when he was a considerable distance away and assumed she would stop and did nothing to slacken his speed until about twelve feet from her, when he applied the brakes; that the car skidded on the slippery street and he struck the plaintiff and dragged her about eighteen feet.

The trial judge held that the girl was guilty of contributory negligence as a matter of law, and directed a nonsuit.

In this we think the learned trial judge erred. Without regard to the girl's age, it would appear that the factual situation outlined above, while not free of contradiction, would have justified the jury, if they saw fit, in finding that contributory negligence was not present. Unless such contributory negligence clearly appeared on plaintiff's case, it was a matter of affirmative defense, and a nonsuit would not be justified.

The age of the infant plaintiff must also be taken into consideration in determining whether she was guilty of contributory negligence. The trial judge recognized this, but

he was apparently impressed and influenced by the development and intelligence of the plaintiff, as he said "this infant plaintiff at the time of the accident was fourteen years of age, well advanced in her school, and a large girl, apparently, for her age.

This court has held that the rule is "that the degree of care required of a child, who has reached the age of discretion, and is considered *sui juris,* as a matter of law, will be no higher than such as is usually exercised by persons of similar age, judgment and experience. And whether that degree of care and caution has been exercised by the child in a given case, is usually if not always a question of fact for the jury." *Solomon* v. *Public Service Railway Co.,* 87 *N. J. L.* 284. See, also, *Traction Co.* v. *Scott,* 58 *Id.* 682; *David, Administrator,* v. *West Jersey, &c., Railroad Co.,* 84 *Id.* 685.

In *Nichols* v. *Grunstein,* 105 *N. J. L.* 363, Mr. Justice Trenchard, speaking for this court said:

"Between the time in life when a person is incapable of exercising the care and judgment necessary to avoid and avert danger, and the time when such person is in law an adult and responsible as such, there is a transition period during which responsibility depends on matters of fact, and in this transition period such person may or may not be guilty of contributory negligence.

"The degree of care required of a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience. In order to determine whether such a child has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for a jury to determine whether the child has been guilty of contributory negligence."

In *Tomaszewski* v. *Schaclman,* 113 *N. J. L.* 579, a boy thirteen years of age was struck by an automobile while attempting to cross the street. This court held that the question of contributory negligence was properly submitted to

the jury and further that "the conduct of a boy thirteen years of age is not to be gauged by the standards exacted of an adult."

Under all the circumstances of the case, considering the manner of the happening of the accident and the age of the infant plaintiff, we conclude that a jury question was presented as to the contributory negligence of the plaintiff and that it was error to grant the nonsuit.

The judgments are reversed, to the end that a *venire de novo* issue in each case.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.