FRANK MANCINO, BY HIS NEXT FRIEND, ANTONIO MAN-
CINO, AND ANTONIO MANCINO, PLAINTIFFS-RE-
SPONDENTS, v. S. FRANK URBANIAK, DEFENDANT-
APPELLANT.

Submitted January 18, 1938—Decided June 29, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the defendant-appellant, *Andrew M. Cella.*

For the plaintiffs-respondents, *George H. Bohlinger, Jr.* (*Walter D. Cougle,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This suit was instituted for the recovery of damages for injuries to Frank Mancino, an infant, caused by his being struck by the automobile driven by the defendant, and by the infant's father for his consequential damages; and the trial resulted in a verdict and judgment for the plaintiffs, from which the defendant appeals.

The evidence at the trial, though somewhat in dispute, tended to show, and the jury was justified in finding, among other things, the following matters of fact:

The infant plaintiff at the time of the accident was seven years and three months old. He, with some other children, had been riding on the rear of a milk wagon on a city street in Trenton, and the driver ordered the children from the wagon. The infant plaintiff ran toward the west curb of the street, and at or near the curb he stopped to go to his home which was on the other side of the street. When he started for his home the milk wagon was one block away. The street which he had to cross to get to his home was in a "crowded" residential section of the city. He looked to his left (the direction from which defendant's automobile approached) before he started to cross, but did not see any automobile. After he had passed completely in front of defendant's automobile, he was struck by the mudguard on his far side of the car, and was thus injured. According to the plaintiffs' evidence the defendant's automobile was running at a speed of from thirty-five to forty-five miles per hour.

The defendant first argues that the court erred in refusing to grant a nonsuit. Not so. Where, as here, the plaintiffs' evidence tended to show that the defendant was driving his automobile through a "crowded" street in a residential section of the city at a speed of from thirty-five to forty-five miles

an hour when he struck the plaintiff, an infant seven years and three months old, it was not error to refuse to nonsuit upon the allegation that there was no evidence of negligence upon the part of the defendant.

Defendant next says that there was error in refusing to direct a verdict for the defendant upon the ground (1) that plaintiff had shown no evidence of negligence, and (2) upon the ground that the infant plaintiff was guilty of contributory negligence.

With respect to the negligence of the defendant, what we have already said disposes of that ground.

With respect to the contention that a verdict should be directed on the ground that the infant plaintiff was guilty of contributory negligence, we consider that contention to be without merit. We have pointed out that the evidence tended to show that the infant child, before he started to cross the street, looked in the direction from which the defendant was coming and saw no car, and that may well have been precisely so considering the speed of the car. Moreover, in order to determine whether a child old enough to be capable of negligence has been guilty of contributory negligence, it is necessary to take into consideration the age of the child and its experience and capacity to understand and avoid danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for the jury to determine whether or not a child seven years and three months old, has been guilty of contributory negligence, and especially so where, as here, the evidence tended to show that the child, who was injured in crossing a street by a fast-running automobile, before crossing made some observations and saw no car approaching. *David* v. *West Jersey and Seashore Railroad Co.*, 84 *N. J. L.* 685.

It seems to be argued that the testimony of plaintiffs' witnesses was unreliable; but the rule is that the question of the credibility of witnesses is for the jury. *Nichols* v. *Grunstein*, 105 *N. J. L.* 363.

It is further said that plaintiffs' witnesses did not all testify

to exactly the same state of facts. That is immaterial for present purposes, because discrepancies between the testimony of witnesses called by the plaintiff cannot avail the defendant upon a motion to nonsuit or to direct a verdict. *Kaufman* v. *Bush,* 69 *N. J. L.* 645.

Lastly it is contended that the trial judge erred in refusing to allow the infant plaintiff to answer the following question on cross-examination: "You know it was wrong to hang on wagons?" This is the subject-matter of the eleventh ground of appeal and is the only ground of appeal dealing with this or similar questions.

We find no error here, certainly none of a reversible character. The question, it will be seen, related to his knowledge at the time of trial, not to his knowledge at the time of the accident more than two years earlier. No reason was given by counsel for the defendant in asking this question except to say "it is on the question of contributory negligence." In the circumstances we believe the judge cannot be said to have erred in excluding the question. It will be seen that hanging on wagons had no bearing upon the question of contributory negligence in the circumstances of this case. The infant plaintiff had left the wagon upon which he had been riding and had crossed to the west side of the street. He then concluded he would go to his home which was on the other side of the street. It was while attempting to negotiate this latter crossing that he was injured, and so we certainly find no harmful error in the exclusion of the question.

The judgment below will be affirmed, with costs.