JAMES RIZIO, Jr., AN INFANT BY HIS NEXT FRIEND, JAMES RIZIO, Sr., AND JAMES RIZIO, Sr., INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-APPELLANT.

Argued October 21, 22, 1941—Decided January 9, 1942.

For the appellant, *Henry H. Fryling* (*William H. Speer* and *Richard Fryling,* of counsel).

For the respondents, *Vincent C. Duffy* (*Joseph G. Sproviere,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.    The question for decision in this case is whether the trial judge erred in denying defendant's motions for a nonsuit or a directed verdict.

The action is in tort and arises out of automobile accident which occurred during the afternoon of April 10th, 1939, at the intersection of Dover Street and Twentieth Avenue. Pater-

son, New Jersey. The infant plaintiff, by his next friend, was awarded $5,000 and his father was awarded $1,000. On a rule to show cause why these verdicts should not be reduced on the ground that they were excessive, the trial judge reduced them to $2,500 and $500, respectively. As so reduced, they were accepted and judgment was entered accordingly. Defendant challenges the propriety of that judgment.

Defendant's points in support of its contention that its motions for a nonsuit and a directed verdict should have been granted are that there was no proof of negligence on its part which was the proximate cause of the accident, and that "the infant plaintiff was guilty of negligence which was the sole cause, or which at least * * * contributed to the accident * * *."

*First:* We think that the proofs submitted and proper inferences to be deduced therefrom justified submitting to the jury the question of defendant's negligence. Notwithstanding defendant's proofs that the infant plaintiff ran or darted in the pathway of its car, and that the accident was not caused by any actionable negligence on its part, it was open to the jury to find that defendant's car was being driven at an excessive rate of speed, namely, 20 to 30 miles an hour (*N. J. S. A.* 39:4-98(b) : that unlike in *Claypoole* v. *Motor Finance Corp.,* 125 *N. J. L.* 440, 442; 15 *Atl. Rep.* (*2d*) 794, speed here was a factor under the issues and circumstances exhibited; that no horn was blown or other signal of approach given; and that defendant failed to heed the infant's statutory right of way while using the cross-walk (*N. J. S. A.* 39:4-36; *Volpe* v. *Perruzzi,* 122 *N. J. L.* 57; 3 *Atl. Rep.* (*2d*) 892; *affirmed,* 123 *N. J. L.* 323; 8 *Atl. Rep.* (*2d*) 580). Additionally, the facts that the impact of the collision caused a dent in the left grille work of the car and caused the infant to be thrown a distance of twenty-five feet and that the skid marks of the car extended some ten feet, together with all other proofs, justified the submission of the case to the jury. There was no error on this score.

*Second:* Nor do we think that the proofs submitted established the alleged sole or contributing negligence of the infant plaintiff.

The plaintiff was 10 years and 10 months old at the time of the accident. He was a pupil in the sixth grade of the public schools of Paterson. There is no claim that he was not blessed with that degree of prudence which may reasonably be expected of one of his years.

On the day in question he, together with other of his infant playmates, was playing a game, the details of which are not made to appear. Apparently it was a game in which some of the boys try "to get" or chase one of the other boys in the game. While so playing, the infant plaintiff and another boy, Michael Maloney, reached the southerly sidewalk of Twentieth Avenue. They observed another of their playmates, William Winterberg, who was standing at the opposite side of Twentieth Avenue, i. e., at the corner of Martin Street and Twentieth Avenue. Desiring "to get" Winterberg and not wanting him to know of their presence, they hid behind an automobile which was parked along the southerly side of the street just east of the westerly cross-walk. There is some dispute as to whether they "crouched" or just "bent over a little" while so hiding. At all events, both stepped off the curb and proceeded to a point in line with the left head light of the parked car and from four to six feet in front thereof for the purpose of making observation before continuing on the cross-walk to the other side of the street. They looked to the west and to the east. They did not see defendant's car but did see a truck approaching from the east. They waited about five seconds until it passed and then the infant plaintiff continued at a "half trot" along the acknowledged but unmarked cross-walk. When he reached the middle of the street he was struck by defendant's car which was coming from west to east on Twentieth Avenue.

Notwithstanding these facts, defendant argues that the failure on the part of the infant plaintiff after the five second pause following the passage of the truck, again to make observation before crossing the street "constitutes the negligence which was the sole or at least the contributing cause of the accident as a matter of law," and, therefore, that the case should not have been submitted to the jury. This argument lacks merit.

The fact that the infant plaintiff had the statutory right of way (*N. J. S. A.* 39:4-36) did not, of course, relieve him from his duty to exercise reasonable care. *Bora* v. *Yellow Cab Co.,* 103 *N. J. L.* 377; 135 *Atl. Rep.* 889; *Horowitz* v. *Schanerman,* 117 *N. J. L.* 314; 187 *Atl. Rep.* 346. **Nor** was the infant plaintiff unlike an adult (*Branigan* v. *Demarest,* 109 *N. J. L.* 123; 160 *Atl. Rep.* 319; *Trimboli* v. *Public Service Co-ordinated Transport,* 111 *N. J. L.* 481; 168 *Atl. Rep.* 572), relieved of his obligation to make reasonably effective observation.

The admeasurement of the infant's stated obligations is, however, controlled by settled principles of law. In determining whether an infant exercised reasonable care in given circumstances, *i. e.,* whether he was guilty of contributory negligence, his action must be admeasured by that degree of care usually exercised by infants of "similar age, judgment and experience." And whether the infant exercised such care is usually a jury question. *David* v. *West Jersey and Shore Railroad Co.,* 84 *N. J. L.* 685; 87 *Atl. Rep.* 440; *Dobrzynski* v. *Liveright,* 118 *N. J. L.* 589; 194 *Atl. Rep.* 160; *Mancino* v. *Urbaniak,* 120 *N. J. L.* 424; 200 *Atl. Rep.* 483. It only becomes a question of law when it appears "beyond dispute" that the infant acted in total disregard of that degree of prudence which may be expected of one of his years and that he thereby contributed to his injury. *David* v. *West Jersey and Shore Railroad Co., supra* (at *p.* 688). Under the stated circumstances outlined, we do not think that the infant's conduct may be placed in that category.

Defendant relies strongly on the case of *Rich* v. *Eldredge,* 106 *N. J. L.* 181; 147 *Atl. Rep.* 384, but the accident in that case did not, as here, occur at a cross-walk but rather in the middle of the block. Moreover, there was no claim on behalf of the plaintiff in the Rich case that he had the statutory right of a pedestrian properly crossing a cross-walk. The cases are, therefore, clearly distinguishable.

The disputed proofs clearly presented a jury case, and they amply sustain the result reached by the jury. *Cf. Dobrow* v. *Hertz,* 125 *N. J. L.* 347; 15 *Atl. Rep.* (2d) 749.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES. HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—THE CHANCELLOR, COLIE, JJ. 2.