BIRD *v.* MEADE.

Automobiles—Infants—Negligence—Contributory Negligence—
Evidence.

> In action by administrator of estate of 12-year old girl who
> was killed by defendants' car as she was returning across a
> State trunk highway from around rear of wagon of apples,
> finding as a matter of law that driver was not guilty of wilful
> and wanton negligence and decedent guilty of contributory
> negligence *held,* established by evidence.

Appeal from Ionia; Hawley (Royal A.), J. Submitted June 10, 1937. (Docket No. 56, Calendar No. 39,562.) Decided September 1, 1937.

Case by Samuel Bird, administrator of the estate of Lillian Bird, deceased, against W. Kendall Meade and Mary Meade for damages for fatal personal injuries sustained by plaintiff's decedent as a result of being struck by a motor vehicle when crossing a highway. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Glocheski & Glocheski,* for plaintiff.

*Floyd W. Cone* and *Frank M. Donovan,* for defendants.

Sharpe, J. M-44 is a State trunk highway running in an easterly and westerly direction through Ionia county, is cement 20 feet in width, flanked by shoulders and is divided by a black line in the center.

At the northwest corner of the intersection of M-44 and a north and south township road is located the Greene schoolhouse. To the east of the schoolhouse on M-44 the highway is straight and level with no obstructions.

On the 27th day of September, 1934, Lillian Bird, a 12-year old girl was attending the Greene school. At about the hour of 2:30 p. m. Lillian Bird and Marjorie Frost left the schoolhouse at recess time. They went to the north edge of the pavement, looked in both directions, saw a car approaching about a quarter of a mile east of the schoolhouse, and crossed the pavement to get an apple from a wagon loaded with apples that was passing on the south side of the road and going east. The wagon had a rack 14 feet long and about 7 feet wide. The tongue was about 11 or 12 feet long. The girls ran to the rear of the wagon, then to the south side, got their apples and started back towards the schoolhouse. At this time the car being driven by defendant had approached the intersection of the highways which was a distance of about 135 feet east of the wagon; and when the front end of the car reached a position opposite the heads of the horses, the two girls dashed out from behind the wagon. The Frost girl did not look and the circumstances indicate that neither of the girls saw the approaching car in their attempt to return to the schoolhouse. The Bird girl was struck by the car and died a few minutes later. Samuel Bird, as administrator, brought suit against Mary Meade, as owner of the car, and W. Kendall Meade, as its operator at the time of the accident, for damages under the death act (3 Comp. Laws 1929, §§ 14061, 14062) and with an added count under the survival act (3 Comp. Laws 1929, § 14040).

At the close of plaintiff's case the trial court granted defendant's motion for a directed verdict upon the ground that there was no evidence to show that defendant was guilty of wilful, wanton or malicious negligence and that the decedent was guilty of contributory negligence as a matter of law. We are in full accord with the trial judge's views.

This case is distinguished from *Gibbard* v. *Cursan,* 225 Mich. 311. In that case plaintiff's intestate was seen in peril in ample time by the defendant to avoid the accident, while the record shows in the case at bar the evidence produced was that defendant was about even with the horses' heads, a distance of not more than 30 feet from the rear end of the wagon, when he noticed something fluttering underneath the wagon. Under such circumstances we are constrained to hold that defendant was not guilty of wilful and wanton negligence. The evidence shows that decedent was 12 years of age, in the eighth grade, was considered by her teacher an excellent student, had been warned of the dangers of traffic on M-44 even as late as the morning of the accident, and had sufficient intelligence to appreciate the danger of running across the road without first stopping and looking for oncoming cars. The above facts clearly establish contributory negligence upon the part of plaintiff's decedent. There was no question of fact to be submitted to the jury. See *Zebell* v. *Buck,* 263 Mich. 93, and cases cited therein.

The judgment of the lower court is affirmed. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.