Thomas Duval, b. n. f., *v.* Helen B. Palmer.

October Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed November 2, 1943.

*Austin & Edmunds* for the defendant.

*Frederick W. Wakefield, Jr.,* for the plaintiff.

STURTEVANT, J. This is an action of negligence in which the plaintiff seeks to recover for injuries received when hit by a car driven by the defendant. The plaintiff had a verdict and judgment below and the case is here upon the defendant's exceptions saved to the action of the court in refusing to grant her motion for a directed verdict upon the grounds that the evidence fails to show the defendant guilty of negligence and also fails to show the plaintiff free from contributory negligence.

Viewed in the light most favorable to the plaintiff the jury could reasonably find the following facts. On the morning of January 19, 1942, the plaintiff, a bright boy eleven years of age, went to Fassett's bakery on the easterly side of North Winooski Avenue in the City of Burlington to purchase a loaf of bread. It was raining and cold enough so that the rain was freezing as it fell and the road was slippery. The plaintiff lived with his parents on the westerly side of North Winooski Avenue about 325 feet southerly of the bakery. On the southerly side of the bakery there is a driveway leading from the avenue to the rear of the building. At the time of the accident a car was parked on the easterly side of the avenue just south of the driveway entrance and about 1½ feet from the curb. A coca-cola truck was parked about 162 feet southerly of that point. Two cars were also parked in front of the bakery. Leaving the bakery the plaintiff proceeded southerly on the easterly side of the avenue to the driveway and there turned westerly to cross the road. At this point the road is about 42 feet wide from curb to curb and is nearly level and straight for a considerable distance south. At the place of the accident there is no cross-walk or other marking to indicate that the place is used as a crossing though people do cross there to a considerable extent. As the plaintiff was about to enter the traffic area he stopped to look for approaching cars and seeing none he started to cross. He had taken from two to four steps when he was struck by the defendant's car which she was then driving near the middle of the road in a northerly direction and which he did not see until it hit him. He went down where he was hit and when the car was stopped he was lying in the road near the center 3 or 4 feet to the rear of the automobile. The defendant first saw the plaintiff before the accident when she was about ten feet from him. She at once pulled to her left, applied her brakes and stopped

her car. In stopping, the rear of the automobile skidded somewhat to the right but when it came to rest there was a space of three or four feet between it and the car parked on the easterly side of the avenue. The plaintiff was taken to the hospital in the defendant's car. The plaintiff's father drove the defendant's car back from the hospital to the scene of the accident. On that occasion she said to him: "There, Mister, I wasn't going any faster than that when I hit your boy." At that time they were going between 28 and 30 miles per hour. From the positive evidence in the case the speed of the car at the time of the accident did not exceed 20 miles per hour. The above quoted statement is reconcilable with that fact. As the plaintiff entered the traffic area from behind the car parked southerly of the driveway, he had a clear view of the road for a distance of about 325 feet southerly.

■ From the foregoing facts it conclusively appears that the defendant's car was within the plaintiff's range of vision as he stepped out into the traffic area from behind the car parked just southerly of the driveway. From his testimony it appears that he understood his duty to look for approaching cars before starting to cross the street. For him to look to the south and fail to see the defendant's car which the evidence shows must have then been visible from where he was does not show him free from contributory negligence. He is a bright boy and at the time of the accident was in the sixth grade at school. It was his duty to look effectively for approaching cars and he is chargeable with seeing what he could have seen had he so looked. He stepped out from behind a parked car directly into the path of the defendant's car when the latter was dangerously near to him. The defendant's motion for a directed verdict upon the ground that the evidence does not show the plaintiff free from contributory negligence should have been granted. *Eagan* v. *Douglas,* 107 Vt 10, 175 A 222; *McKirryher* v. *Yager,* 112 Vt 336, 24 A2d 331.

It is also true that there is nothing in the evidence which warranted the jury in finding negligence on the part of the defendant. However, the conclusion already reached makes consideration of this question unnecessary.

*Judgment reversed. Judgment for the defendant to recover her costs.*