## FOLKMAN v. JENSEN.

No. 7464. Decided May 16, 1950. (217 P.2d, 682)

See 61 C.J.S. Motor Vehicles, sec. 488. Contributory negligence of guest in automobile as affecting action against third party, see note, 63 A.L.R. 1432. See, also, 5 Am. Jur. 769.

*Thatcher & Young,* Ogden, *Robert A. Burns,* Salt Lake City, for appellant.

*Samuel C. Powell* and *E. Morgan Wixom,* Ogden, for respondent.

LATIMER, Justice.

The respondent, Clifford G. Folkman, administrator of the estate of Marie P. Folkman, deceased, brought this action to recover for the wrongful death of Marie P. Folkman allegedly caused by the negligent driving of the defendant, Ernest L. Jensen. The case was tried to the court, sitting without a jury, and damages in the amount of $5,000 were awarded to the plaintiff. The defendant appeals. The parties will be referred to as they appeared in the court below.

The collision occured in Ogden City, Utah, at approximately 8:00 P. M. on July 23, 1948, at the intersection of Grant and Patterson Avenues. Grant Avenue is one of the principal arterial streets running north and south through that city. Patterson Avenue, running east and west, intersects Grant Avenue at right angles, and the east-west traffic along Patterson Avenue is required to stop before entering into and passing over Grant Avenue. The plaintiff was driving his automobile south on Grant Avenue at a speed of about 20 miles per hour and the deceased, his wife, was seated in the front seat of the automobile holding their daughter, age eleven months, in her arms. Their son, four years of age, was riding on the back seat of the car.

The defendant was driving a fire truck belonging to Weber County, and in response to an alarm, drove the truck from the county fire station on 12th Street, west to Wall Avenue, and then proceeded south on Wall Avenue, which is two blocks west of, and is parallel to Grant Avenue. The truck proceeded south to Patterson Avenue, a distance of about 18½ blocks from the 12th Street Fire Station. Finding that Wall Avenue was blocked because of road construction, defendant turned east on Patterson Avenue and drove to the intersection where the collision occurred. Patterson Avenue is a narrow street and undoubtedly would not have been used by emergency vehicles had it not been for the construction work.

Clifford G. Folkman testified that as he proceeded south on Grant Avenue, and shortly after passing the Ogden City Fire Station (not the County Fire Station previously referred to) which is located on Grant Avenue about 5 blocks north of the site of the collision, he heard the warning sound of a siren and drove his car over to the side of the street and stopped. The sound stopped and he proceeded along Grant Avenue for a block or two when he again heard the siren alarm and for the second time, he pulled over to the curb and stopped. The warning sound again stopped and he claims not to have heard any subsequent warning. Defendant and defendant's witnesses testified that the siren was sounding continuously up until the time of the impact.

After making the second stop, Folkman continued south and as the automobile entered the intersection of Grant and Patterson Avenues, the fire truck, driven by defendant, was closely approaching the intersection from the west. Immediately before the impact, Mrs. Folkman saw the fire truck and screamed, but it was too late for the driver to avoid the collision. The truck collided with the automobile in the southeast portion of the intersection and Mrs. Folkman was critically injured. She died on August 5, 1948, as a result of the injuries.

The trial court found the defendant guilty of negligence and the driver of the car guilty of contributory negligence. The court further found that Clifford G. Folkman and the decedent were not engaged in a joint enterprise; that the attention of the decedent was fully occupied by her children; that she did not know of the approach of the fire truck, even though the siren was being sounded and the flasher lights burning; and that she was not guilty of any contributory negligence.

The defendant does not assert error in the trial court's finding that he was negligent, but he strenuously insists

that the court erred in finding that the decedent was not guilty of contributory negligence. He contends that the decedent could or should have seen the fire engine approaching the intersection; that she could or should have heard the siren sounding; that if she had been keeping a proper lookout in such a situation, she would have recognized the impending danger and warned her husband; and, that her failure to see what should have been apparent and to warn the driver in sufficient time to allow him to avoid the accident, constitutes negligence as a matter of law.

In the case of *Cowan* v. *Salt Lake & Utah R. Co.*, 56 Utah 94, 189 P. 599, a train-automobile collision case, this court discussed the degree of care which a passenger in an automobile driven by another must exercise for his own safety. Mr. Justice Frick, after briefly reviewing many cases on this subject, said, p. 108, 56 Utah, p. 604, 189 P.:

"It is true that in many of the foregoing cases statements occur which support counsel's contention that all occupants of a vehicle are charged with the absolute duty of keeping a lookout for themselves and to exercise a constant care for their own safety, and thus may not to any extent trust to the care and rely upon the vigilance of the driver. This court has, however, refused to follow the group of cases in which that doctrine is adopted. In *Atwood* v. *Utah Light Railroad Company*, 44 Utah 366, 140 P. 137, *Martindale* v. *Oregon S. L. R. Co.* 48 Utah 464, 160 P. 275, and in the *Montague Case*, supra, [*Montague* v. *Salt Lake U. R. Co.*, 52 Utah 368, 174 P. 871] this court has adopted the rule laid down by the Supreme Court of Minnesota in the case of *Cotton* v. *Willmar & S. F. Ry. Co.*, supra, [99 Minn. 366, 109 N.W. 835, 8 L.R.A.N.S., 643, 116 Am.St.Rep. 422, 9 Ann.Cas. 935] where it is said:

" 'But the rule which has met with general approval in the more recent cases makes the passenger responsible only for his personal negligence, and leaves it to the jury to determine whether, under the circumstances, he was justified in trusting his safety to the care of the driver and not looking and listening for himself.' "

In the case of *Jackson* v. *Utah Rapid Transit Company*, 77 Utah 21, 290 P. 970, this court affirmed a judgment awarding damages to the wife of the driver of an automobile who was riding in the back seat when the automobile

collided with the street car. The court said in 77 Utah at page 36, 290 P. at page 976:

"To have warned or notified her husband of the presence of the moving street car as he drove along it and passed it would not have added anything to his knowledge of the presence of the street car; and unless she knew that her husband, under the circumstances as testified to by the defendant's witnesses, intended to cross the track when the moving street car was only about ten feet away, in time to have objected thereto and to prevent such an undertaking, we do not see on what theory the plaintiff could be held guilty of negligence unless the negligence of the husband is to be imputed to her, which, as has been seen, may not be done. Though a guest or invitee in an automobile may be asleep before or at the time of an accident, yet that does not necessarily render him guilty of negligence. 2 Blashfield, Ency. of Auto. Law 1089. We are told, though we have seen no adjudicated case to the effect, that some husbands get along better driving an automobile when their wives are asleep in the back seat, than when they are awake watching and warning the driver and undertaking to direct the management and operation of the automobile. At any rate, it is believed to be of more importance that the driver stays awake rather than the guest or invitee."

In the recent case of *Earle* v. *Salt Lake & Utah R. Corporation*, 1946, 109 Utah 111, 165 P. 2d 877, this court had before it a similar situation to the one presented in the instant case. There, the occupants of an automobile which collided with a train at a marked railroad crossing brought the action to recover damages from the railroad company. The defendants contended that the passengers were guilty of contributory negligence. This court, after reviewing several of the cases decided by this court, said in 109 Utah at page 117, 165 P. 2d at page 880:

"From these authorities, it is plain that negligence of a driver is not imputed to a guest in the vehicle, but that the guest has a duty to exercise reasonable care as a guest for his own safety. When a guest is negligent, or when he is not justified in trusting the skill and care of the driver are ordinarily questions for the decision of the jury. The evidence herein is not such as to make plaintiffs guilty of negligence as a matter of law. To all appearances Larsen was a competent driver, and the evidence is susceptible of a finding that he was driving the car at a reasonable speed, and apparently keeping a proper lookout. Therefore, the mere fact that plaintiffs did not call his attention to the presence of the track, as indicated to them by the cross butts, is not, in and of itself, negligence as a matter of law. This matter was properly submitted to the jury."

The trial judge concluded that deceased was not guilty of contributory negligence and so the sole problem posed by

this appeal, is whether we can say as a matter of law that deceased did not exercise due care for her own safety. The defendant urges, in support of his contention that we must find contributory negligence, that the deceased was in a better position than the driver to see the approaching vehicle as it came up Patterson Avenue; that it is unreasonable to conclude that she did not hear the noise of its siren, since it was a warm summer evening and the windows of the automobile were open; that it is impossible to understand how she could fail to see and hear the approach of the large fire truck in time to warn her husband, since the court found that warning signals and sounds were being given; and, that there was an unobstructed view down Patterson Avenue for a distance of 150 feet when the automobile in which she was riding was 150 feet north from the center of the intersection. However, when considered with the other circumstances surrounding this accident, these considerations are not sufficient to compel a holding that deceased was guilty of contributory negligence as a matter of law.

In passing on deceased's conduct we are impressed with the following facts, circumstances and inferences. We find no evidence that the deceased was aware, or had any reason to suspect, that the driver was not proceeding with due care and caution. On the contrary, there is much evidence that prior to entering the intersection, he was acting as a reasonably prudent driver and one who was exercising due care for himself and family. It is undisputed that as he drove south along Grant Avenue, each time he heard the warning sound of a siren he promptly pulled over to the side of the road and stopped. The traffic was rather heavy along Grant Avenue and through the intersection and other automobiles continued on. Patterson Avenue is a narrow street and one which normally would not be used by emergency vehicles and both the driver and guest might be misled into believing a fire truck would not proceed along a street

which, compared to other streets, was quite narrow. The car was being driven at a reasonable rate of speed along an arterial street and intersections were marked with stop signs requiring cross traffic to stop. There was a second fire truck, sounding its siren, and following about one block behind the truck involved in the collision. Deceased could have been confused by the many warning signals coming from different directions and her estimate of the proximity of the fire truck could be distorted by the noise of the second siren. The locale of the fire was some considerable distance south of the intersection and other fire trucks had travelled along routes parallel to Grant Avenue. The sounds from the sirens on those trucks would gradually diminish and then cease, creating an impression that emergency vehicles would probably follow a southerly course and not be travelling to the east. The decedent held a small infant in her arms and there was another child on the rear seat of the automobile. While the intersection could not be classfied as blind, the fire truck would be visible to deceased for only a very short interval of time and at the speeds being travelled she could do little other than sound a warning of impending danger.

Under this state of facts all reasonable persons would not conclude that Mrs. Folkman was negligent. She was not in control of the car and could reasonably have been occupied with attending to or watching over her children. She could reasonably assume that her husband was ■ alert for possible danger and that it was safe for her to relax and trust his judgment as to the proper operation of the automobile. Up to an instant before the impact she had no reason to become apprehensive or alarmed by threatened disaster and as soon as she sensed danger, she screamed a warning. It would be placing an undue burden on her to require that she see or hear the approach of an emergency vehicle at every crossroad early enough to warn her husband so that he might stop in time to avoid a collision. She

was not required to maintain a constant lookout, and by relaxing her vigilance she did not cast herself in the role of a careless and negligent guest.

The trial court was justified in concluding that deceased was not guilty of negligence. The judgment is affirmed, costs to respondent.

PRATT, C. J., and WADE, WOLFE, and McDONOUGH, JJ, concur.