[Civ. No. 18789.   Second Dist., Div. One.   May 8, 1952.]

PATRICIA ANN McCALLUM et al., Appellants, v. PAUL LEEANDER HOWE, Respondent.

Dunlap, Holmes, Ross & Woodson for Appellants.

James V. Brewer for Respondent.

DORAN, J.—The complaint alleges that plaintiffs, Patricia, aged 8, and Reianne, aged 7, suffered personal injuries as a result of defendant's negligent operation of an automobile on October 31, 1949, at or near the intersection of Avenue 64 and Crescent Street in Los Angeles. A jury rendered a verdict for the defendant, and plaintiffs' appeal is from the judgment entered thereon.

At the time of the accident, about 5:35 p. m. it was dark, and the respondent's headlights were lighted and set on "low beam." The respondent testified that "he neither saw

appellants nor heard anything at the time of the collision; that the first indication he had of an accident was: '. . . my wife says, "I think we have hit something. Stop." and I immediately hit my brakes and stopped.'" Respondent then found the two little girls lying on the pavement some 6 to 8 feet to the rear of the car and about 10 to 12 inches from the east curb of Avenue 64. The only eyewitness testified that the girls were running or skipping diagonally across the avenue, not at a crosswalk, holding hands, and with their backs half turned to respondent's car. Respondent's car knocked the girls down but did not run over them.

It is appellants' contention that "respondent was negligent as a matter of law," in that the automobile was not equipped with headlights rendering persons visible for a distance of at least 100 feet ahead, as required by sections 618 and 648(d) of the Vehicle Code. This is predicated upon respondent's testimony that the headlights shone only 12 to 15 feet ahead. The respondent also testified that the headlights were set on low beam; that respondent was able to see a parked car at a considerable distance; that the lights of approaching cars blinded respondent "to a certain extent" but that at the time the driver was not conscious of any interference with vision from such lights.

A survey of the record indicates that appellants' contention that respondent was guilty of negligence *per se* is based upon a partial and partisan interpretation of the evidence. As pointed out in respondent's brief it is not established that there was a violation of the regulation in question, and even if such violation were present, "lack of adequate or lawful lights on respondent's vehicle could not have been the proximate cause of appellants' injuries, for there is no evidence that they were within the beam of the lights on respondent's vehicle, or ever were in front of his vehicle before they were hit."

Whether there was a violation of law and whether such violation proximately contributed to appellants' injuries, were, under the evidence in the instant case, questions of fact within the jury's province to decide. These questions were decided in favor of the respondent and the decision is supported by substantial evidence and reasonable inferences therefrom. That there was evidence from which other and contrary inferences might have been drawn does not alter the situation insofar as appellate review is concerned.

Appellants also complain that the instructions as given were erroneous in respect to respondent's degree of care, and that the jury should have been told, as requested, that a greater burden rested upon defendant as the driver of a motor vehicle. It is also argued that instructions were erroneous "as to the standard of care required of appellant children," and that "The instructions as to separability of the case of each plaintiff were confusing."

It is suggested by respondent that appellants' requested instruction as to relative care of driver and pedestrian was erroneous in using the word "degree" in place of "amount," as stated in California Jury Instructions (Civil), 1950 Supplement, page 219. Attention is also called to the fact that since appellants were crossing the street some 54 feet from an intersection, "That fact alone enhances the amount of care required of them, and in addition places them within the provisions of Section 562(a) of the Vehicle Code: 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.' " Aside from these observations, however, the record fails to reveal any prejudicial error when the charge as a whole is considered, and in view of the evidence which was before the jury.

From the record evidence one or more of several conclusions may well have been drawn by the jury, namely that the respondent exercised ordinary care; that the accident was unavoidable; that no law was violated by respondent; that appellants were guilty of contributory negligence. The verdict rendered may thus be justified and supported by any one of several theories reasonably drawn from the evidence.

Appellants likewise assign error in reference to instructions as to the standard of care required on the part of the victims. However, as pointed out by respondent, the instruction given was requested by appellants who now complain because the trial court refused to give another requested instruction on this subject. The instruction given correctly directed the jury to "consider whether the conduct of that plaintiff measured up to the standard of care reasonably to be expected from a child of like age, capacity and experience under the same or similar circumstances." The requested instruction although phrased in different words, carried no significant difference in meaning. The instruc-

tions given could not have led the jury to believe that the two girls were required to exercise the same care as adults would be expected to use. No reversible error is apparent.

■ As stated in respondent's brief, "There does not appear to be any merit to appellants' point No. 4 (that instructions as to separability of the case of each plaintiff were confusing) . . . because the court, in advising the jury that the appellants' claims were separate, . . . gave over thirteen instructions, from which no reasonable person could have drawn the conclusion that both claims were one."

As requested by appellants, the jury was told that "There are two plaintiffs in this action, Patricia Ann McCallum and Reianne McCallum. The claim of each is separate from and independent of the claim of the other. Their rights, if any, are separate, not joint." The jury was also instructed, as requested, that "The burden is upon each plaintiff," etc., and that "If either plaintiff has not fulfilled this burden, the defendant is entitled to your verdict as to that plaintiff."

■ Appellants' final contention is that "There is no evidence of contributory negligence on appellant Reianne, the younger child." In this connection it is averred that "the child Reianne is entitled to the benefit of the presumption that she took due care for her own safety." As respondent states, Reianne was present in court but did not testify, nor was any reason given why this appellant did not testify. At best the presumption mentioned is a rebuttable one, and as pointed out by respondent, all the known facts concerning the accident were brought out in detail, from which evidence it was for the jury to decide what actually happened and the existence or nonexistence of contributory negligence. The decision reached is not devoid of supporting evidence. No reversible error has been pointed out.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.