379 P.2d 757

Sheldon MITCHELL and Edith Mitchell, his wife, Appellants,

v.

Lawrence COLQUETTE, Wilford Gordon and Arlene Gordon, his wife, and George N. Chance and Cecelia Chance, his wife, Appellees.

No. 6935.

Supreme Court of Arizona.

In Division.

March 14, 1963.

Gorodezky, Mitchell & Stuart, Anne Kappes, Phoenix, of counsel, for appellants.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellees Colquette and Gordon.

Snell & Wilmer, Phoenix, for appellees Chance.

LOCKWOOD, Justice.

This action involved two cases, one brought by Sheldon Mitchell and wife (hereafter designated plaintiff) against Lawrence Colquette, Wilford Gordon and wife, and George Chance and wife, for injuries sustained as a result of an automobile accident. The second was brought by George Chance against Colquette and Gordon for property damage to Mr. Chance's automobile, growing out of the same collision, and defendants therein filed a counterclaim for personal injuries and property damages. The two cases were consolidated for trial. Judgment was rendered on a verdict in the former case in favor of the defendants and against plaintiff Mitchell. From that judgment and from denial of a new trial the plaintiff brings this appeal.

At the time of the accident Sheldon Mitchell was a passenger in the automobile owned and driven by George Chance. It was customary for plaintiff to ride home from work with defendant Chance, as he was doing on the afternoon of September 4, 1957, the date of the collision. Chance had entered North Second Street, heading north, and stopped at the stop sign at East Roosevelt Street.[1] Traffic on Roosevelt was very heavy on that evening, cars being backed up from Third Street to Second Street. According to the testimony, a car on the outside lane in the eastbound traffic on Roosevelt stopped and its driver waved Chance through. Chance testified that he started slowly and cautiously, because visi-

---

1. This section of Roosevelt Street is a four-lane highway, two lanes east, and two lanes west, controlled by stop signs or traffic lights on intersecting streets.

**214**

bility was obstructed by the traffic, and that he couldn't see any other automobiles moving until he saw defendant Colquette's car bearing down upon him from the east. He immediately swerved the car, but couldn't avoid the collision.

Colquette worked as a delivery boy for defendant Gordon, who operated a grocery store, and at the time of the accident Colquette was driving Gordon's car back to the store after making certain deliveries. After stopping at Third Street for a stop light, according to his testimony he was in the inside lane, nearest the center line, and had just shifted into third gear when he saw the front end of Chance's car, but it was too late to avoid the accident. Colquette couldn't see the car earlier because the eastbound traffic was practically solid from First Street on down to Third Street.

While Mitchell was in Chance's car, up to the time of collision, he was reading a book or a magazine. He didn't obstruct Chance's view and was leaning back in the seat. Mitchell at no time gave any assistance to Chance in looking for traffic proceeding east or west on Roosevelt, nor had Chance asked Mitchell to help keep a lookout. As a result of the collision plaintiff Mitchell received certain injuries which are not in issue here. The only issues before us concern questions of liability.

Plaintiff makes thirteen assignments of error, which may be discussed in three general areas: (1) Error in submitting to the jury the question of contributory negligence on the part of plaintiff Mitchell; (2) Error in submitting to the jury the question of unavoidable accident; and (3) Error in submitting to the jury the issue of negligence of a third person as being the sole negligence and cause of the accident.

We first consider the question of whether there was evidence to support the giving of instructions on the issue of contributory negligence. It is true that by the Constitution of Arizona[2] the existence of contributory negligence is a question of fact for the jury and not of law for the court; however, this rule does not go the extent of permitting a jury to find contributory negligence on the part of a plaintiff when there is not sufficient evidence from which any reasonable man might reach such a conclusion. Southern Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956); Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319 (1937).

[2] The defendants contend that the plaintiff failed to exercise an adequate lookout, and that under the circumstances the failure to do so amounted to contributory negligence on his part, which was a jury question. While the defendant's proposi-

2. Ariz.Const., Art. 18 § 5, A.R.S. "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

tion of law is correct in the abstract, it is not supported by the facts of this case. By his position in the car the plaintiff in no way blocked the vision of the driver of the automobile.[3] There were no "plain warnings of imminent danger, more apparent to him (plaintiff) than to the driver" as there was in the Humphrey case, supra. The evidence is undisputed that the plaintiff was reading a book or magazine; that he had ridden with defendant Chance many times before, and nothing then or on the afternoon of the accident in Chance's operation of the car had given plaintiff any cause to believe that Chance was other than a safe driver. Southern Pacific Railroad Co. v. Mitchell, supra.

■ The Mitchell case, supra, in its determination of the lack of contributory negligence of a car passenger cited the following passage from the Restatement of the Law—Torts, § 495, Comment C:

"Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or he may go to sleep or *read a book without being guilty of contributory negligence* if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. However, if the plaintiff knows that at a particular point there will be a peculiar danger, which he has *no reason to believe* that the driver if unaided will perceive, the plaintiff may be guilty of negligence if he does not keep himself in a position to call the danger to the attention of the driver. Save under *such exceptional circumstances,* a plaintiff is entitled to trust the vigilence and skill of his driver unless he *knows from past experience* or *from the manner in which the car is being* driven on the particular trip, that the driver is likely to be inattentive or careless." (Emphasis supplied)

■ This case falls directly within the scope of the above quoted language and therefore the Mitchell case, supra, is applicable. Submission of the question of contributory negligence therefore amounts to reversible error.[4]

3. See A.R.S. § 28–893(B) "No passenger in a vehicle shall ride in such position as to interfere with the driver's view ahead or to the sides, or to interfere with his control over the driving mechanism of the vehicle." See also Alires v. Southern Pacific Co., 92 Ariz. 97, 378 P.2d 913.

4. Further error was committed in the wording of the instructions themselves, by using imperative directives such as "your verdict must be for the defendants." Alires v. Southern Pacific Co., supra; Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

Even though this case must be reversed for the reasons above stated, we feel that we should also discuss other areas which the plaintiff has assigned as error to guide the trial court in disposing of it.

■ Plaintiff complained that the issue of an unavoidable accident should not have been submitted to the jury because there was not sufficient evidence to support it. On this issue we agree with the plaintiff. The defendants urge that their evidence shows that they were as cautious and careful as possible and that defendant Chance relied upon the actions of a third person who waved him into the intersection. Whether defendant Chance's conduct in entering the intersection, upon a signal from a third person, was negligence, was certainly a question for the jury. Whether defendant Colquette was negligent in his conduct was also a jury question. Even if the third person could be considered negligent, there is no indication in any of the evidence that the collision was caused by other than negligence on the part of one of the defendants in the case. It could not have been an unavoidable accident, and the giving of an instruction covering such an accident, in the absence of evidence raising a genuine issue upon that question was error. Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958).

■ The court also gave the following instruction, to which plaintiff rightly objected:

"In this case if you find that the sole and proximate cause of the accident was the negligence and fault of a third person not a party to this lawsuit, your verdict must be for the defendants and against the plaintiffs Mitchell."

It is the duty of a driver of an automobile when entering an intersection to exercise such care as an ordinarily reasonable and prudent person would do in like circumstances, to avoid endangering the safety of other drivers entering or about to enter the intersection. This duty cannot be delegated to a third person who signals to the driver to "come on" even though the third person may also be negligent. Thelen v. Spilman, 251 Minn. 89, 86 N.W.2d 700, 77 A.L.R.2d 1315 (1957).[5] Inasmuch as we have already determined that this accident could not have occurred without the negligence of some party to the lawsuit, the above instruction was also clearly erroneous.

Judgment reversed and case remanded for a new trial.

BERNSTEIN, C. J., and UDALL, V. C. J., concur.

5. Cf. Atchison, T. & S. F. Ry. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167 (1946).