442 P.2d 759

Jack R. HAYSLIP, individually and as guardian ad litem of Linda L. Hayslip, a minor, Plaintiff-Respondent,

v.

Albert M. GEORGE, Defendant,
and
Victoria Peila, as administratrix of the Estate of Edwin J. Breshears, Deceased, Defendant-Appellant.

No. 10096.

Supreme Court of Idaho.

June 28, 1968.

Rehearing Denied July 26, 1968.

Brown, Peacock & Keane, Kellogg, for appellant.

Hamilton & Hamilton, Coeur d'Alene, for respondent.

SMITH, Chief Justice.

Appellant (defendant), administratrix of the estate of Edwin J. Breshears, deceased, appeals from a judgment on verdict award-

ing damages to respondent (plaintiff) Jack R. Hayslip, individually and as guardian of Linda L. Hayslip, a minor, for personal injuries sustained by Miss Hayslip (now Mrs. Horine) in an automobile accident which occurred April 17, 1963, on U.S. Highway No. 10, about seventeen miles east of Coeur d'Alene, Idaho.

Jack R. Hayslip, as father of Linda L. Hayslip, brought this action seeking general and special damages against Albert M. George, driver of an automobile involved in the accident, and against the estate of the decedent Breshears, who was killed as a result of the accident, and in whose car Miss Hayslip was riding at that time.

Victoria Peila, appellant and county treasurer of Shoshone County, Idaho, following the resignation of her predecessor, was appointed administratrix of the Breshears' estate in October, 1966. Appellant denied and disallowed a creditor's claim for the personal injuries presented by Jack Hayslip.

The evening of the accident, Edwin J. Breshears was on a date with Linda Hayslip, who was fifteen years old. Gary Frank, twelve years old, and Susan Anderson, thirteen years old, were also in Breshears' automobile.

During that evening, Breshears had picked up Linda L. Hayslip at her home, and also, Gary Frank and Susan Anderson. The announced destination of the group was the Autoview Drive-In Theater at Smelterville, Idaho. There is conflict in the testimony as to what permission respondent Hayslip's parents had given Linda prior to departure. They had clearly given Linda permission to ride in Breshears' car, but the record does not so clearly show that they had given Linda permission to go anywhere other than Smelterville.

Upon arrival at the drive-in theater in Smelterville, Breshears and Frank stated that they had already seen the show. Breshears then drove the vehicle back to Pinehurst, Idaho, got gas, and headed for Coeur d'Alene, ostensibly to see a different movie. There is conflict as to whether Linda Hayslip objected to going to Coeur d'Alene.

The group proceeded toward Coeur d'Alene on a highway that lacked traffic. Respondent testified that after they had passed the Rose Lake turnoff on U.S. Highway No. 10, between Kellogg and Coeur d'Alene, she told Breshears she wanted to go back. Then, either because Breshears decided to heed Linda Hayslip's protests or because he decided to go to a dance at Rose Lake, Breshears determined to turn around.

Defendant Albert George was following Breshears at a distance of about six hundred feet. At the time George first saw Breshears, George was two hundred feet past the Rose Lake turnoff area. George was traveling at a speed of about 50–55 m.p.h. He testified that as he drove up behind the Breshears' car, Breshears had slowed down to almost a complete stop, and had pulled over to the right side of the road. Other testimony indicates that Breshears may not have slowed down, but may have attempted his subsequent turn at his previous rate of speed. When George was approximately three hundred feet behind Breshears, George pulled into the left hand lane to pass. At the same time, Breshears pulled across the highway in front of George, intending to cross onto the central divider separating the divided highway in order to make a U-turn. While Breshears was negotiating this turn the left rear portion of his automobile was struck by the George automobile, which caused the injuries which are the subject of this action.

Respondent sued both the Breshears' estate and George for recovery of general and special damages. Prior to resting his case at trial, respondent moved to amend his complaint to conform to the evidence, which motion the trial court granted. The effect of the amendment was to allege gross negligence only on the part of Breshears rather than ordinary negligence. The amended complaint states:

"II.

"That on or about the 27th day of April, 1963, Linda L. Hayslip was riding in an automobile being driven by Edwin J. Breshears on Highway 10 about 17 miles East of Coeur d'Alene, Idaho. That while riding in said automobile, the said Edwin J. Breshears did in a grossly negligent manner attempt to make a "U" turn across the median portion of U. S. 10, a divided highway, contrary to law, without observing the George vehicle approaching from the rear, and as the direct result, or direct and proximate result of said acts, the said Breshears vehicle was struck by an automobile being driven by Albert M. George. Said Albert M. George contributed to said accident by failing to have his automobile under control. That prior to and at the time of the accident Linda L. Hayslip was being driven towards Coeur d'Alene, Idaho, against her will.

"III.

"By reason of the gross negligence of the defendant, Edwin Breshears and the carelessness and negligence of the defendant, Albert M. George, plaintiffs have been injured by way of general and special damages to the extent of $20,000.00."

In view of the amendment, appellant moved to strike the allegation in respondent's complaint concerning Linda Hayslip being held against her will, which motion the trial court denied.

Prior to rendition of the jury's verdict the court dismissed the action as to George pursuant to I.R.C.P. 41(b), ruling that the evidence was insufficient to warrant a finding of negligence against him.

The jury returned a verdict in favor of respondent, and against Breshears' estate, in the sum of $10,000.00 (the statutory limit, I.C. § 5–327). The court denied appel-

lant's motions for a judgment notwithstanding the verdict, and in the alternative for a new trial. Appellant appeals, both from the judgment and from the order denying her motions.

Appellant contends, as part of her assignments of error, that the trial court erred in denying her motion for judgment notwithstanding the verdict and in the alternative for a new trial, for the reason that as a matter of law Breshears could not have been grossly negligent. Appellant argues that, because respondent is now allegedly bound by his amended complaint charging gross negligence, and because, as a guest, it was necessary for Linda Hayslip to show gross negligence under our guest statute, see I.C. § 49–1401,[1] it was incumbent upon respondent to prove gross negligence rather than ordinary negligence. Appellant maintains that respondent failed to sustain such burden of proof.

We recently had occasion to consider the meaning of gross negligence as it is used in I.C. § 49–1401. In Hodge v. Borden, 91 Idaho 125, 417 P.2d 75 (1966), we distinguished "gross negligence" from "reckless disregard of the rights of others" which latter phrase was contained in the guest statute which preceded I.C. § 49–1401 as presently worded. In that case, we held:

"Reckless disregard includes gross negligence just as the greater includes the lesser. Gross negligence, however, need not include willfulness, or wanton or intentional disregard for the guest's safety, or conscious indifference to consequences; and there need not be an actual intent to inflict damage or injury.

\* \* \* \* \* \*

"Under Idaho's present guest statute, I. C. 49–1401, in the light of the 1963 amendment thereto, gross negligence cannot be considered as synonymous

---

1. "49–1401. Liability of motor owner to guest.—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or cause by his intoxication or gross negligence."

with willful or wanton misconduct." 91 Idaho at pp. 134–135, 417 P.2d at pp. 84–85.

In Hodge v. Borden, supra, we endorsed a distinction between "reckless disregard" and "gross negligence" made by the Supreme Court of Oregon in Williamson v. McKenna, 223 Or. 366, 354 P.2d 56 (1960). Therein the Oregon court stated:

"* * * If it is assumed that gross negligence was intended to describe a type of conduct different from reckless conduct, there is still a basis upon which the two expressions could be reconciled. 'Reckless disregard of the rights of others' could be regarded as the type of conduct engaged in by the driver when he actually perceives the danger and continues his course of conduct. Gross negligence could then be considered as describing conduct of the driver when he does an act not knowing of the high degree of manifest danger but under the circumstances where he should have known." 223 Or. at 391, 354 P.2d at 67.

■ The determination whether Breshears was guilty of gross negligence was properly a matter for the jury. See Smith v. Sharp, 85 Idaho 17, 375 P.2d 184 (1962); Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712 (1946); Owen v. Taylor, 62 Idaho 408, 114 P.2d 258 (1941); Manion v. Waybright, 59 Idaho 643, 86 P.2d 181 (1938); Curtis v. Curtis, 58 Idaho 76, 70 P.2d 369 (1937). We cannot say, as a matter of law, that there was insufficient evidence to indicate gross negligence by Breshears according to the standards adopted in Hodge v. Borden, supra. Accordingly, we hold that the trial court did not err in denying appellant's motion for judgment notwithstanding the verdict and in the alternative for a new trial.

Appellant argues that the trial court erred in denying her motion for involuntary dismissal, or directed verdict for the reason that Linda Hayslip was contributorially negligent. Appellant maintains that Linda Hayslip, knowing that Edwin Bresh-

ears intended to turn around on the highway, was contributorially negligent in not protesting against his negligence and thus in not watching out more closely for her own safety and well being.

We held in Dale v. Jaeger, 44 Idaho 576, 258 P. 1081 (1927), that:

"The law is well settled by authorities too numerous to cite that a gratuitous guest cannot recover for his host's negligent operation of an automobile, if conscious of apparent danger or faced with such conditions and circumstances as would herald danger to a reasonably prudent man, he fails opportunely to protest or acquiesces therein." 44 Idaho 580, 258 P. 1082.

See Hodge v. Borden, supra; French v. Tebben, 53 Idaho 701, 714, 27 P.2d 474, 475 (1933); McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547 (1932); Dillon v. Brooks, 51 Idaho 510, 6 P.2d 851 (1931).

■ We have frequently stated that as a general rule a guest passenger must pay such attention to his own welfare as a reasonably prudent person would under like circumstances. Hodge v. Borden, supra; Yearout v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 82 Idaho 466, 354 P.2d 759 (1960); Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178 (1952); Curtis v. Curtis, supra; Gorton v. Doty, 57 Idaho 792, 69 P.2d 136 (1937); Dillon v. Brooks, supra. Under the attendant circumstances, the question whether Linda Hayslip was guilty of contributory negligence in failing to exercise ordinary care for her own safety was a question of fact for submission to the jury. See Hodge v. Borden, supra; Curtis v. Curtis, supra; McCoy v. Krengel, supra; see also Annot., 65 A.L.R. 956. The trial court did not err in denying appellant's motion for involuntary dismissal or directed verdict on the basis of respondent's alleged contributory negligence.

Appellant argues that the trial court erred in giving Instruction No. 33, which reads:

"You are hereby instructed that in the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence."

It is appellant's position that the instruction is prejudicial because it informs the jury as a matter of law what is reasonable and prudent. Appellant contends that the members of the jury should determine for themselves the meaning of such standard.

A series of California cases have upheld directly the legal principle contained in Instruction No. 33. See Van Pelt v. Carte, 209 Cal.App.2d 764, 26 Cal.Rptr. 182 (1962); Robinson v. Cable, 55 Cal.2d 425, 11 Cal.Rptr. 377, 359 P.2d 929 (1961); Christensen v. Bocian, 169 Cal.App.2d 223, 336 P.2d 1018 (1959); Daniels v. City & County of San Francisco, 40 Cal.2d 614, 255 P.2d 785 (1953); Martinelli v. Poley, 210 Cal. 450, 458, 292 P. 451 (1930). See also Mitchell v. Colquette, 93 Ariz. 211, 379 P.2d 757 (1953); Trujillo v. Chavez, 76 N.M. 703, 417 P.2d 893 (1966); Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386 (1962); Savage v. Palmer, 204 Or. 257, 280 P.2d 982 (1955); Folkman v. Jensen, 118 Utah 13, 218 P.2d 682 (1950).

We held in Ineas v. Union Pac. R. Co., supra, that,

"Conceding * * * that Ineas as a passenger in the truck was not under the same or similar duty or obligation of care and watchfulness that the driver was, he, nevertheless, was charged with exercising reasonable care and caution for his own safety and this required him not to rely blindly upon the exercise of care and caution by the driver, but to take heed of all those facts and circum-

stances which were plainly visible to him and as much of a warning to him as to the driver, and in connection therewith, the driver's acts; Dale v. Jaeger, 44 Idaho 576 at page 581, 258 P. 1081; Rowe v. Northern Pac. Ry. Co., 52 Idaho 649, 17 P.2d 352; 47 A.L.R. 295; Parker v. Southern Pac. Co., 204 Cal. 609, 269 P. 622; Christie v. Atchison, T. & S. F. Ry. Co., 154 Kan. 713, 121 P.2d 208 at page 210. * * *"

▆ We find no material distinction between our holding in Ineas v. Union Pac. R. Co., supra, and the charge contained in Instruction No. 33. An automobile passenger's duty of care, including the duty of maintaining a lookout, is that which an ordinarily prudent person would exercise under the circumstances. Schall v. Mondragon, 74 N.M. 348, 393 P.2d 457 (1964); Ford v. Etheridge, supra; Gadbury v. Ray, 171 Cal.App.2d 150, 340 P.2d 66 (1959); Ling v. Pease, 123 Colo. 518, 232 P.2d 189 (1951); 61 C.J.S. Motor Vehicles § 489. See Hodge v. Borden, supra; Dillon v. Brooks, supra. An ordinarily prudent guest or passenger in an automobile does not have, nor should he be charged with having, the responsibility of maintaining a constant lookout for unusual conditions on the highway, save in exceptional situations. See Mitchell v. Colquette, supra; Ford v. Etheridge, supra; Whiting v. Andrus, 173 Or. 133, 144 P.2d 501 (1943); Folkman v. Jensen, supra. Therefore, we hold that the trial court did not err in giving Instruction No. 33.

Appellant argues that the trial court erred in giving Instruction No. 26 [2] pertaining to the guest-passenger distinction as applied to Linda Hayslip.

▆ The commonly accepted definition of guest under motor vehicle guest statutes is a person who is the recipient of the hospitality of the owner or driver of an automobile and who takes a ride in the

---

2. Instruction No. 26:
    "You are hereby instructed that if Linda Horine was compelled to ride or remain in Breshears' automobile against her will, she was a passenger and not a guest."

car merely for his own pleasure or on his business, without making any return to, or conferring a benefit on, the driver other than the mere pleasure of his company. Buffat v. Schnuckle, 79 Idaho 314, 316 P. 2d 887 (1957); Kudrna v. Adamski, 188 Or. 396, 216 P.2d 262, 16 A.L.R.2d 1297 (1950); Crawford v. Foster, 110 Cal.App. 81, 293 P. 841 (1930); Sumner v. Edmunds, 130 Cal.App. 770, 21 P.2d 159 (1933). We therefore hold that the trial court did not err in giving Instruction No. 26.

Appellant assigns as error the giving of Instruction No. 30, as follows:

"You are hereby instructed that a child of 15 years and eleven months is not necessarily held to the same standard of conduct as an adult. She is only required to exercise the amount of care which ordinarily is exercised by children of like age, experience and intelligence under similar circumstances."

Appellant argues that it should have been for the jury to determine whether Linda Hayslip should be held to the same standard of care as an adult, and that it was for them to determine, after consideration of all evidence relevant to the issue, which standard of conduct to apply.

Instruction No. 30 is similar to California Jury Instruction No. 147 Revised. See Hartshorne v. Avery, 130 Cal. App.2d 517, 279 P.2d 123 (1955); McCallum v. Howe, 110 Cal.App.2d 792, 243 P.2d 894 (1952); Cole v. Ridings, 95 Cal. App.2d 136, 212 P.2d 597 (1950); Stroud v. Hansen, 48 Cal.App.2d 556, 561, 120 P. 2d 102, 105 (1941). We held in Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 (1956),

where a thirteen-year-old boy was killed when he attempted to cross an arterial highway without observing traffic, that he was responsible for the exercise of such care and vigilance as reasonably could be expected of one of his age, intelligence, and experience. We stated there that:

"The rule of contributory negligence is properly applicable to the boy. He was chargeable with that degree of care reasonably proportionate to his age and capacity. Denman v. Youngblood, 337 Mich. 383, 60 N.W.2d 170; Bird v. Meade, 281 Mich. 114, 274 N.W. 730; Duval v. Palmer, 113 Vt. 389, 34 A.2d 317; Brophy v. Milwaukee Electric R. & Transport Co., 251 Wis. 558, 30 N.W.2d 76; Raggio v. Mallory, 10 Cal.2d 723, 76 P.2d 660; Rizio v. Public Serv. Electric & G. Co., 128 N.J.L. 60, 23 A.2d 585; see also 174 A.L.R. 1164 * * *."

The issue of fact before the jury was whether the child, Linda, exhibited the standard of care appropriate for one of her age, experience and intelligence. Mundy v. Johnson, 84 Idaho 438, 373 P.2d 755 (1962). Instruction No. 30 is a proper statement of the law, and its giving was not error.

Appellant contends that the trial court erred in giving Instruction No. 19 which reads:

"You are hereby instructed that 'negligence' is failure to use ordinary care while 'gross negligence' is failure to observe slight care."

Appellant maintains that such instruction was confusing and contradictory in light of other, correct definitions of "gross negligence."[3]

---

3. Instruction No. 20:
"You are instructed that gross negligence means that there must be more than ordinary negligence, for the two are distinguishable, the distinction being one of degree. Gross negligence means just what it indicates, gross or great negligence, that is, negligence in a very high degree.
"You will note from the foregoing that although gross negligence is a form of negligence, it is something more than or-

dinary negligence. A guest may not recover against his host driver for negligence, unless that negligence amounted to gross negligence as defined in these instructions."
Instruction No. 21:
"You are hereby instructed that gross negligence does not involve either wilfulness or wantonness. If the intent to do the act constituting negligence is present, it is not necessary that it be wilful or wanton in order to conclude that the cir-

While Instruction No. 19 was perhaps unnecessary in view of other instructions given, we find that its giving was not unfavorable to appellant. See Wold v. Gardner, 167 Wash. 191, 8 P.2d 975, 977 (1932). All instructions given in a case should be read and considered as a whole, and where they are not inconsistent but can be reasonably and fairly harmonized, we will assume that the jury gave due consideration to them as a whole rather than to isolated portions thereof. Stoddart v. Idaho Concrete Products Company, 76 Idaho 417, 283 P.2d 922 (1955); Cogswell v. C. C. Anderson Stores Co., 68 Idaho 205, 192 P.2d 383 (1948); Hard v. Spokane International Ry. Co., 41 Idaho 285, 238 P. 891 (1925). See also Pacific Northwest Pipeline Corporation v. Waller, 80 Idaho 105, 326 P.2d 388 (1958); Union Seed Company of Burley v. Savage, 76 Idaho 432, 283 P.2d 918 (1955); Moore v. Harland, 71 Idaho 376, 233 P.2d 429 (1951).

Appellant argues that the trial court erred in giving Instruction No. 15 for the reason that it defined ordinary negligence after having stated that respondent's case was based on the theory of gross negligence. According to appellant, such apparent contradition could only serve to confuse and mislead the jury by implying that ordinary negligence was an issue in the case.

It is clear that ordinary negligence could have been an issue in the case had the jury found that Linda L. Hayslip was a passenger, rather than a guest, in Breshears' automobile. See I.C. § 49–1401. Moreover, it was necessary for the trial court to define negligence in order to aid the jury in understanding the term "gross negligence." Instruction No. 20 informed the jury that a guest may not recover against his host driver for negligence, unless that negligence amounted to gross neg-

ligence, as was elsewhere defined in the instructions. Under the circumstances, the giving of Instruction No. 15 was not error.

Appellant finally argues that the trial court erred in giving instructions which were not pertinent to the pleading and the evidence. We have carefully considered appellant's contention and examples, and find them to be without merit for reasons hereinbefore discussed.

The judgment is affirmed. Costs to respondent.

TAYLOR, McQUADE and McFADDEN, JJ., and YOUNG, D. J., concur.

---

cumstances surrounding the performance of the act establish gross negligence."
Instruction No. 22:
"You are hereby instructed that 'Gross Negligence' under automobile guest stat-

ute means gross and excessive negligence or negligence in a very high degree, and it indicates absence of slight care in performance of duty."